People of the State of Illinois, Plaintiff-Appellee, v. Hurley P. McGovern, Defendant-Appellant.

Gen. Nos. 53,169, 53,170. (Consolidated.)

First District, Second Division.

June 23, 1970.

Vincent C. Lopez, of Chicago (George J. Fox, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the offense of operating an automobile while under the influence of alcohol (General Number 53,170) and of the offense of improperly changing traffic lanes (General Number 53,169). He received a fine of $100 and costs

on the intoxication finding and a $15 fine on the change of lanes finding. He appeals.

Chicago Police Officer Crossel testified that approximately 11:15 p. m. on September 16, 1967, he was operating his police squad car in an easterly direction along 95th Street in Chicago, approaching the East 1200 Block. The officer testified that 95th Street at that point consisted of four lanes of traffic, two eastbound and two westbound, and that he observed the defendant operating his automobile ahead of him in the center of the eastbound lanes, in a straddling or weaving fashion. The officer further testified that a woman operating an automobile behind defendant's vehicle, and in front of the police vehicle, attempted to pass defendant's automobile but was unable to do so without crossing the double line in the center of the street. Officer Crossel testified that the woman sounded her horn, that defendant pulled into the southern eastbound lane and allowed her to pass, and that the defendant then returned his vehicle to the center of the eastbound lanes and continued to weave and straddle the lanes.

Officer Crossel halted defendant's vehicle about 1500 East, approached defendant's side of the automobile and requested his driver's license. He testified that he informed defendant of the offense with which he was being charged, and that as he continued to speak to the defendant, the latter's attitude became insulting. The officer testified that he noticed that defendant's eyes were bloodshot and that he asked defendant to step from his automobile. As defendant opened the door and attempted to alight, he stumbled and nearly fell to the pavement. The officer also noted that defendant used his vehicle to support himself as he walked. He testified that there was an odor of alcohol on defendant's breath, and that defendant spoke in a loud and offensive manner

to the officer. Officer Crossel stated that he then returned to his vehicle and summoned a tow truck and a police wagon to transport the defendant and his wife (who was a passenger in defendant's automobile) to the police station.

At the police station the defendant told the officer that he and his wife had been to a wedding reception that evening, that he had two small bottles of beer to drink at the reception, and no other alcoholic drink that day. The officer further testified that defendant's speech was slurred, that his face was flushed, and that he tended to stumble against the lockers in the station as he walked. The officer expressed the opinion that defendant was under the influence of alcohol and was unfit to operate an automobile at the time of his arrest.

On cross-examination the officer denied issuing any traffic citations at the scene, and stated that he wrote out both citations at the station. He further testified that he wrote out the change of lanes citation in the squad car at the scene of the arrest while he was calling for the tow truck and the police wagon, and that he issued both citations to defendant at the police station. He denied tendering the change of lanes citation to defendant at the scene and taking it back afterwards when defendant and his wife became indignant at its issuance. The officer also denied altering the change of lanes citation to read, "You must appear in Court" from "You may pay this fine before above date," after defendant and his wife became indignant, and further stated that he had initially mistakenly marked the wrong box in this regard. The officer further testified on cross-examination that when he initially approached defendant's vehicle, defendant inquired whether he had been speeding and that the officer replied in the negative. He also testified that the defendant was, in fact, not stopped for speeding, but was stopped for improperly changing lanes.

Defendant testified in his own behalf and stated that on the evening in question he and his wife had attended a wedding reception and had left that function about 10:45 p. m. He stated that the only alcohol he consumed the entire day were two 7-ounce bottles of beer at the reception, the last of which had been consumed before 8:00 p. m., at which time dinner was served and the bar closed.

He stated that there was no other traffic on 95th Street at the time he was stopped by Officer Crossel. The defendant testified that when the officer stopped his vehicle he inquired of the officer whether he had been speeding, that the officer replied in the negative, and that he also replied that the defendant had been stopped for straddling lanes. The officer thereupon tendered defendant the change of lanes citation and advised him that the fine could be paid prior to the designated court date. Defendant testified that the officer's statement in this regard prompted the response, "We will be in court!" Defendant stated that the officer became irritated at their reaction, that he took back the citation, and that he returned to his vehicle. About ten minutes later the officer returned to the defendant's automobile with both the change of lanes citation and the intoxication citation, telling the defendant that he was under arrest. After a short wait at the scene, the defendant and his wife were transported by a police wagon to the police station. Defendant testified that he was made to take no tests at the station, and stated that he was not under the influence of alcohol on the evening in question.

Mrs. McGovern, defendant's wife, testified for the defense and substantially corroborated the testimony given by her husband.

Defendant contends that he was not proven guilty of the offense of improperly changing lanes, inasmuch as the eastbound lanes of traffic along 95th Street, which

defendant is alleged to have been straddling, were not marked as required by the ordinance.

Section 211 of chapter 27 of the Municipal Code of the City of Chicago (Chicago, Ill, Municipal Code, c 27, § 211 (1969)) provides:

> "Where traffic lanes have been marked to preserve a regular alignment of traffic, it shall be unlawful for the driver of any vehicle to fail or refuse to keep his vehicle within the designated boundaries of any such lane except when lawfully passing another vehicle."

■ There is no evidence in the record which in any way indicates that the eastbound lanes of traffic along 95th Street, between 1200 and 1500 East, which defendant is alleged to have been straddling, were in any way marked or delineated so as to bring those lanes of traffic within the purview of the ordinance. Absent such evidence, defendant cannot be said to have violated the ordinance; consequently the judgment in General Number 53,169 must be reversed.

Defendant also contends that the People's evidence in the charge of operating the automobile under the influence of alcohol is incredible and so unsatisfactory as to require reversal. We disagree.

■ The matters raised by defendant relate solely to the credibility of Officer Crossel's testimony. Defendant states that the officer testified that he followed the vehicles of the defendant and the unidentified woman behind defendant from "Woodlawn Avenue to 1200 East," whereas Woodlawn Avenue is, in fact, 1200 East. The officer was otherwise very explicit in his testimony with regard to block numbers, and consequently this was a matter of weight and credibility for the trier of fact to determine.

Defendant also suggests that the officer contradicted himself on several occasions, as when he initially testi-

fied that defendant's breath had a "strong" odor of alcohol, but then stated that it was a "moderate" odor. Likewise, the matter of defendant's stumbling or falling as he alighted from his vehicle is raised as another contradiction. While a reading of the context of the testimony, wherein these alleged contradictions arose, reveals that they were explained fully by the officer, the resolution of inconsistencies in a witness' testimony is a matter for the trier of fact.

Another matter for resolution by the trier of fact was the officer's testimony with regard to the drawing and the issuance of the two citations. He testified that he wrote out the change of lanes citation at the scene of the arrest, but that he did not issue either citation to defendant until they reached the police station, the officer stating that he could not issue a citation for operating a vehicle while under the influence of alcohol in the field. Further, the matter of the alteration on the change of lanes citation and the circumstances of that alteration was clearly a matter for the trier of fact. See generally, People v. Zayas, 102 Ill App2d 166, 243 NE2d 536; People v. Walker, 100 Ill App2d 282, 241 NE2d 594.

Defendant also contends that the trial court considered improper matters in arriving at the finding of guilty of operating a motor vehicle while under the influence of alcohol. In arriving at his determination, the trial judge commented:

> "Well, the Court has listened to the evidence presented before it and at no time has the Court heard denials of the officer's statements with regard to the statements made by the defendant in the police station at the time he was being interviewed with regard to [the mayor] and getting the police officer's job and anything like that, and the Court, together with all the rest of the evidence, and the

399

weaving and the speeding and the officer's observations, finds the defendant guilty of driving under the influence of intoxicating liquor."

■■ Generally, in a bench trial of a criminal case, the trial judge will be presumed to have considered only competent evidence in arriving at his findings. People v. Robinson, 30 Ill2d 437, 197 NE2d 45. However, where it affirmatively appears from the record that the trial judge considered incompetent evidence prejudicial to the defendant, the judgment will not be allowed to stand. People v. Grodkiewicz, 16 Ill2d 192, 157 NE2d 16. See also People v. Smith, 55 Ill App2d 480, 487–88, 204 NE2d 577.

■ The record in the instant case reveals that the trial judge not only gave weight to evidence irrelevant to the issue of intoxication, but also relied on matters contrary to the evidence in the record. Police Officer Crossel, the defendant, and the defendant's wife all testified that the defendant was not speeding prior to his arrest, and that he was not stopped for speeding. The trial judge, on the other hand, expressed the opinion that the defendant had been speeding. The trial judge also took verbal note of the fact that defendant failed to deny the testimony of Officer Crossel with regard to defendant's alleged threats concerning the officer's job and reporting him to the mayor, which bore no relevance to the issue of whether the defendant had operated his vehicle while under the influence of alcohol.

Since it cannot be determined from the record the degree of weight the trial judge gave to these factors in arriving at the finding of guilty, the judgment in General Number 53,170 must be reversed and the cause remanded.

Defendant also contends that the trial judge was in error in denying his post-trial motion seeking a new trial

for newly discovered evidence in the driving while intoxicated matter. In light of our decision in General Number 53,170, it is unnecessary to consider that contention.

For these reasons the judgment in General Number 53,169 is reversed, and the judgment in General Number 53,170 is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment in General No. 53,169 reversed. Judgment in General No. 53,170 reversed and cause remanded with directions.

McCORMICK, P. J. and LYONS, J., concur.