THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRENCE M. BERNOTAS, Defendant-Appellant.

Fourth District   No. 4—90—0782

Opinion filed June 25, 1991.

James M. Drake and Joseph S. Miller, both of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, Staff Attorney, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

After a bench trial, defendant, Terrence Bernotas, was convicted of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)) and improper lane usage (Ill. Rev. Stat. 1989, ch. 95½, par. 11—709). He was fined $450 plus costs on the two convictions. On appeal, defendant argues (1) he was not proved guilty beyond a reasonable doubt of DUI and improper lane usage, (2) his constitutional rights were violated when the State commented on defendant's post-arrest silence during closing arguments, and (3) the trial court failed to consider supervision when fashioning defendant's sentence.

We affirm.

Initially, defendant argues that he was not proved guilty beyond a reasonable doubt of either DUI or improper lane usage and that the innocent hypothesis standard should be adopted. We disagree.

■ The relevant question here is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) It is the function of the trier of fact to determine the credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence. (*People v. Akis* (1976), 63 Ill. 2d 296, 298, 347 N.E.2d 733, 734.) A reviewing court may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or credibility of witnesses. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, 1320.) The *Collins* standard applies in all criminal cases, whether the evidence is direct or circumstantial. (*People v. Pintos* (1989), 133 Ill. 2d 286, 291, 549 N.E.2d 344, 346.) When the evidence is circumstantial, the inferences to be drawn therefrom need not eliminate every reasonable hypothesis of the defendant's innocence. *Pintos*, 133 Ill. 2d at 291, 549 N.E.2d at 346.

With respect to the DUI charge, the evidence at trial revealed that defendant wrecked his automobile on January 26, 1990, at approximately 1 a.m., after colliding with a parked car and a utility pole. The two-lane road he had been traveling was icy and packed with snow.

Officer Lloyd Swanson was the first to arrive at the scene of the accident. Defendant identified himself to Swanson as the driver of the car. Swanson then asked defendant what happened, and defendant replied that he did not know. Swanson testified that his findings showed that defendant had been traveling eastbound and slowly drifted off the road, covering a distance of about 40 feet before his car hit the utility pole. Swanson stated that this drifting was indicative of defendant's drunkenness.

Upon being asked for his driver's license, defendant produced his wallet, fumbled through it, and had to be reminded twice what he was looking for. Swanson testified that defendant's breath had a "very strong odor" of alcohol, and he observed that defendant's speech was mumbled and slurred. Swanson also stated that defendant appeared confused as to where he was.

As a result of the accident, defendant suffered injuries to his head and facial area. Swanson testified that defendant's head injury was

consistent with someone hitting a windshield or steering wheel. Defendant was taken to the hospital by an ambulance.

At the hospital, defendant refused to permit the hospital to draw blood to aid in his treatment. Swanson did not ask defendant to submit to a blood test. Later, defendant signed a release form which indicated that he was leaving the hospital against medical advice.

Swanson testified that while at the hospital he again questioned defendant about the accident. This time, defendant told him that he had been traveling eastbound on Wood Street when he slid into the intersection and was hit by a car. At the hospital, Swanson observed defendant swaying and staggering. Swanson stated he then formed the opinion that defendant was under the influence of alcohol and placed defendant under arrest. Defendant was taken by another officer to the police station.

Swanson testified that he and defendant were in the breath-testing room at the police station when Swanson asked defendant to submit to a breathalyzer test. Defendant refused. When requested by a second officer to submit to field sobriety tests, defendant refused again. While in the breath-testing room, defendant was videotaped. At trial, the court viewed this tape, and it became part of the record.

At the close of the State's evidence, the parties stipulated that Officer Jerry Cunningham, who was a backup officer at the scene of the accident, would make the same observations as Swanson.

Defendant's only witness was his friend, Kathleen Ann Maddox, who testified that she lived with defendant. Maddox stated that she photographed defendant on January 27, 1991, and that the photographs were an accurate depiction of defendant's head and face on that date. She noted that defendant's nose was off-line and crooked. The photographs were admitted into evidence.

■ The court found defendant guilty and stated the following:

"As to the improper lane usuage [sic], you really didn't argue that. I think that's one that the People have proven. As to the driving under the influence, based upon the evidence presented, there's unrebutted testimony basically of two officers, since there is a stipulation of the officer's testimony who was not here, that the officer would testify to the same thing that the other officer testified, as to the observations and strong odor of alcohol and observations as to speech patterns and the other matters stipulated to which were not rebutted by any testimony presented. And based upon the Defendant's refusal to take the breathalizer [sic] exam and his other actions which basically can be introduced and were introduced to back up the

observation of the officers. I am going to find that the Defendant has been proven guilty beyond a reasonable doubt of driving under the influence and the improper lane usuage [*sic*]."

On this record, we find that a rational trier of fact could have found the evidence sufficient to prove defendant guilty of DUI beyond a reasonable doubt.

Defendant also argues that he was not proved guilty beyond a reasonable doubt of improper lane usage. Specifically, defendant argues that he cannot be convicted of that offense because, on the date of his accident, the road was packed with ice and snow and the markers may not have been visible.

■ Section 11—709 of the Illinois Vehicle Code, in pertinent part, states:

"Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply.

(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Ill. Rev. Stat. 1989, ch. 95½, par. 11—709.

While a defendant may not be convicted of failure to keep his vehicle within the boundaries of the lanes where the lanes are not marked (*People v. McGovern* (1970), 126 Ill. App. 2d 393, 398, 261 N.E.2d 689, 691), the street involved here was marked. Whether or not the markers were visible is irrelevant because defendant was charged with leaving the road on his own side.

Section 11—709 provides that a vehicle shall be driven as nearly as possible within a single lane and shall not be moved from that lane until the driver has first ascertained that the driver can so move with safety. The elements of this charge are (1) a roadway with two or more clearly marked lanes, (2) a driver moving a vehicle from the lane in which he was driving to another lane, and (3) that driver did not ascertain first whether that move could be made safely.

All of these elements were proved in the present case. First, the roadway was divided into two clearly marked lanes, even though they were not visible at the time of the accident. Second, defendant moved his vehicle from the lane in which he was driving when he hit a utility pole off the street. Third, defendant moved his vehicle without first ascertaining whether it was safe. This third element is apparent from the fact that defendant hit a utility pole once he left his lane of traffic.

■ Defendant next argues that he was denied due process because of the State's comments in its closing argument concerning defendant's post-arrest silence. Upon review of the record, we find that defendant waived this issue for purposes of appeal. He neither objected to the State's comments at closing argument nor did he raise the issue in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) Additionally, the State's comments do not constitute plain error. The evidence in the instant case is not closely balanced. Further, the error, if any, was not of such magnitude as to deny defendant a fair trial. *People v. Whitehead* (1987), 116 Ill. 2d 425, 448, 508 N.E.2d 687, 695.

Last, defendant argues that because he was eligible for supervision and did not receive it, the trial court abused its discretion in sentencing him. Initially, we note that a sentence imposed upon a defendant will not be overturned absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 275, 412 N.E.2d 541, 545; *People v. Lautenschlager* (1990), 205 Ill. App. 3d 530, 532, 563 N.E.2d 1213, 1215.) The court may consider all matters reflecting upon a defendant's personality, propensities, purposes, tendencies, general moral character, mentality, and social environment. *People v. Barrow* (1989), 133 Ill. 2d 226, 281, 549 N.E.2d 240, 265; *People v. Fisher* (1989), 186 Ill. App. 3d 255, 265, 542 N.E.2d 1127, 1133.

Section 5—6—1 of the Unified Code of Corrections provides for the sentence of supervision and states in part the following:

"(c) The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony and having regard for the circumstances of the offense, and the history, character and condition of the offender, the court is of the opinion that:

(1) the offender is not likely to commit further crimes;

(2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and

(3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code.

(d) The provisions of paragraph (c) shall not apply to a defendant charged with violating Section 11—501 of The Illinois Vehicle Code or a similar provision of a local ordinance *** if said defendant has within 5 years prior to the date of the current offense been:

(1) convicted for a violation of Section 11—501 of The Illinois Vehicle Code \*\*\*; or

(2) assigned supervision for a violation of Section 11—501 of The Illinois Vehicle Code \*\*\*." Ill. Rev. Stat. 1989, ch. 38, pars. 1005—6—1(c), (d)(1), (d)(2).

■ In the present case, we find that the court did not abuse its discretion in denying defendant supervision. The sentence is well within the statutory limits, and the court considered the appropriate factors. Specifically, the court noted that even though defendant had not been convicted of DUI since 1982, defendant was still not a good candidate for supervision:

"I also agree with your observation just because someone has had supervision in the past does not preclude them. In fact, the statute, the last time I read it, only precludes it if it is within the 5-year period, and I think that's still the same period. However, we have to look at whether he is a good candidate for supervision. The program presented that he is going to take, or he's actually retaken, is not substantially different than he took in '82. There is a re-occurrence of the same offense. I think the factors of the DUI in fact are aggravated by the substantial property damage done in this particular case. It was probably luckily [*sic*] that Mr. Bernotas was not seriously injured or even luckier that he did not go to the left or go [into] an on-coming lane into another vehicle rather than into the power pole. I think that there is not good cause to grant him supervision in this particular case. Motion for supervision by the defendant is denied."

Accordingly, defendant's convictions and sentence are affirmed.

Affirmed.

LUND, P.J., and GREEN, J., concur.