THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PATRICIA BEECH, Defendant-Appellant.

Fourth District   No. 4—89—0895

Opinion filed September 6, 1990.

Daniel D. Yuhas and David Bergschneider, both of State Appellate De-

fender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and Jeremiah W. Lynch, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant was convicted after a bench trial of two charges of unlawful delivery of a controlled substance in violation of sections 401(a)(2) and (b)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(a)(2), (b)(2)). Defendant delivered 6.3 grams of cocaine to a police informant on April 20, 1989 (case No. 89—CF—111), and 27.2 grams of cocaine to a police informant on May 11, 1989 (case No. 89—CF—92). Both transactions took place in Charleston, Illinois. The trial court sentenced defendant to four years' imprisonment in case No. 89—CF—111 and imposed a fine of $630. The court also sentenced defendant to six years' imprisonment with credit for two days served in case No. 89—CF—92 and imposed a fine of $2,720. The two sentences were to run concurrently. Defendant does not appeal her conviction, but instead challenges the fine imposed in case No. 89—CF—92, and argues that she is entitled to an additional day's credit on her jail term.

Because defendant does not appeal her conviction, we limit the facts to those pertinent to the issues on appeal. At defendant's trial, forensic scientist Michael Cravens testified that the white powder obtained in the May 11 transaction contained 27.2 grams of a substance containing cocaine. The 27.2 grams was 22.6% pure cocaine. The bag involved in the April 20 transaction contained 6.3 grams of a substance containing cocaine and was 77.9% pure cocaine. Cravens further testified that while the purity of cocaine varies from time to time, during 1989, the average purity of cocaine he analyzed was between 65% and 75%.

Frank Lester, the police informant, also testified. Lester stated that 25% cocaine was not "good" cocaine.

At the sentencing hearing, Officer Joseph VanGundy testified as an expert witness concerning the "street value" of the cocaine seized. It was VanGundy's expert opinion that the street value of cocaine in Charleston at the time of defendant's arrest was around $100 a gram.

■■■ Defendant first contends that the trial court erred in fining her $2,720 in case No. 89—CF—92. We initially note that defendant has waived this issue for review. To preserve an issue for review, a defendant must include the issue in a post-trial motion. (*People v.*

*Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Defendant failed to include this issue in a post-trial motion and has thus waived the issue for review. Furthermore, the trial court was correct in fining defendant $2,720.

Section 5—9—1.1 of the Unified Code of Corrections (Code) provides:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery *** of a controlled substance as defined in *** the Illinois Controlled Substances Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the *** controlled substances seized.

'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized." Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1.

Defendant relies on a first district case and argues that street value must be determined based upon the actual substance seized, and not on a hypothetical substance involved in the typical cocaine sale. (*People v. Carrasquilla* (1988), 167 Ill. App. 3d 1069, 522 N.E.2d 139.) In *Carrasquilla*, a police officer testified that the usual and customary cost for the purchase of a gram of cocaine was $100. The officer based his calculations on cocaine having a minimum purity level of 25%. However, the officer admitted that he had no knowledge of the purity level of the drug seized in the instant case and that the laboratory report failed to indicate a percentage of purity.

The *Carrasquilla* court noted that section 5—9—1.1 indicates that the testimony as to street value must relate to the actual substance seized. Thus, the officer's testimony, standing alone with no report as to the purity of the cocaine seized, was insufficient to establish the street value of the drug. The court further noted that in other cases where officers' testimony was accepted as the street value of a drug, the testimony was relevant because it was offered in conjunction with evidence of the purity of the particular contraband in issue. See, *e.g.,* *People v. Pilcher* (1986), 147 Ill. App. 3d 193, 194-96, 497 N.E.2d 1360, 1361-62; *People v. Roundtree* (1985), 135 Ill. App. 3d 1075, 1082, 482 N.E.2d 693, 699, *appeal dismissed* (1987), 115 Ill. 2d 324, 503 N.E.2d 773.

Even though Officer VanGundy's testimony concerning street

value of the drug was offered after evidence of the contraband's purity was given, defendant argues that the 27.2 grams of cocaine seized on May 11 was only 22.6% pure, far below that typically involved in the drug trade. Thus, defendant argues that the court erred applying the $100-a-gram estimate to cocaine of such a low purity. Defendant relies on Cravens' statement that during 1989, most cocaine he tested was on the average 65% to 75% pure. We note, however, that Cravens did not testify that the 65% to 75% purity figure was of cocaine sold only at the street level. Craven's figure undoubtedly includes cocaine seized at the wholesale level before it had been cut. Furthermore, defendant offered no evidence concerning the average purity of cocaine at the street level during the time of her arrest, and never argued that cocaine with a purity of 22.6% could not be bought and sold on the street for $100 a gram. Thus, it was not unreasonable for the trial court to rely on Officer VanGundy's testimony concerning the street value of cocaine.

We find further support for our decision in the recent Illinois Supreme Court case *People v. Lusietto* (1989), 131 Ill. 2d 51, 544 N.E.2d 785. In *Lusietto*, defendant was fined $8,290 pursuant to section 5—9—1.1 of the Code, based upon defendant delivering 82.9 grams of cocaine and an officer's testimony that the street value of cocaine at the time of the sale was $100 a gram. On appeal, defendant argued that the best evidence of the street value of the drugs was the actual price he was to pay his supplier for the drugs. Defendant further argued that the officer's testimony only established an average value for cocaine and was not sufficient to establish the value of the drugs in question, in the absence of evidence of the purity level of the drug or the price agreed upon by the defendant and informant.

In affirming the fine, the supreme court stated:

"[C]onsidering that the obvious purpose of *** section 5—9—1.1 is to discourage and impede the illegal buying, selling and using of drugs, it is clear that the proper standard of valuation is that which would approximate the profit that a defendant would realize from the sale of the drug at its full street value. *** The legislature intended that the valuation of the drug would be based on the full amount that an offender could realize for the drug on the street." *Lusietto*, 131 Ill. 2d at 55-56, 544 N.E.2d at 787.

The court further noted that under section 5—9—1.1, a defendant may introduce evidence as to the street value of the drugs. Here, as in *Lusietto*, defendant failed to introduce evidence concerning the street value of the drugs. If a defendant fails to introduce evi-

dence of the street value of the drugs, it is reasonable for a trial court to accept the expert testimony of a narcotics officer as to the street value of the drugs seized. (*Lusietto*, 131 Ill. 2d at 56-57, 544 N.E.2d at 787, citing *People v. Wiley* (1988), 174 Ill. App. 3d 444, 453, 528 N.E.2d 26, 32-33; *Roundtree*, 135 Ill. App. 3d at 1082, 482 N.E.2d at 699; but see *Carrasquilla*, 167 Ill. App. 3d 1069, 522 N.E.2d 139.) As we noted earlier, *Carrasquilla* was concerned with introducing testimony as to the purity of the drug before an officer's expert opinion would be accepted by the trial court as the street value of the drug. The purity of the cocaine in the instant case was introduced.

■■ Defendant's second contention on appeal is that she is entitled to an additional day's credit for time spent in jail prior to trial. The State argues that defendant has waived this issue for appeal as she did not raise the issue during the circuit court proceedings. The State relies on *People v. Bates* (1989), 179 Ill. App. 3d 705, 534 N.E.2d 1019. *Bates*, however, stated that the issue of an additional day's credit for time spent in jail is subject to waiver where it could have been raised in the trial court, *or on direct appeal*, but was not. (*Bates*, 179 Ill. App. 3d at 709, 534 N.E.2d at 1021.) Defendant raises the issue on direct appeal and has thus not waived the issue.

Defendant was arrested May 11, 1989, in case No. 89—CF—92, and posted bond May 12, 1989. In case No. 89—CF—111, defendant was arrested June 22, 1989, and posted bond the same day. Thus, defendant spent two days in custody in case No. 89—CF—92, and one day in custody in case No. 89—CF—111. Defendant argues that she is entitled to "three days' credit" for time already served.

Section 5—8—7(b) of the Code provides:

"The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody *as a result of the offense for which the sentence was imposed * * *.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b).

See also *Moore v. Strayhorn* (1986), 114 Ill. 2d 538, 502 N.E.2d 727.

■■ The trial court ordered two days' credit for time previously served awaiting trial in case No. 89—CF—92, but failed to credit defendant the day spent in jail awaiting trial in case No. 89—CF—111. It is therefore ordered that one day's credit be applied toward defendant's sentence in case No. 89—CF—111. In doing so, we note that this one day's credit is not to be applied to case No. 89—CF—92 so as to reflect a "three days' credit" for time previously served, as defendant asks. See *People v. Cooper* (1986), 146 Ill. App. 3d 596, 497 N.E.2d 157.

Accordingly, the judgment is affirmed in part, reversed in part, and remanded with directions.

Affirmed in part; reversed in part and remanded with directions.

KNECHT, P.J., and McCULLOUGH, J., concur.