THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES A. CURTIS, Defendant-Appellant.

Fourth District No. 4—92—0024

Opinion filed August 27, 1992.

Theodore A. Gottfried, of State Appellate Defender's Office, of Spring-
field, and M. Jeffrey Bergschneider, of Kansas City, Missouri, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten,
Robert J. Biderman, and James Majors, all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant James Curtis pleaded guilty to unlawful possession
with intent to deliver more than 15 grams but less than 100 grams of
cocaine. He appeals from the 10-year sentence imposed, and argues
the sentence is excessive. He also argues he is entitled to an addi-
tional day of credit for time served before his conviction. The sen-
tence imposed was not excessive, and we affirm.

In July 1991, defendant was indicted for one count of unlawful possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)(A)) and one count of unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(a)(2)(A)).

Pursuant to an agreed disposition, defendant pleaded guilty to count I, a Class X felony punishable by 6 to 30 years' imprisonment. The State agreed to dismiss count II and not file another Class X felony charge for an additional alleged unlawful delivery. The State also agreed to recommend defendant receive no more than 10 years' imprisonment.

At the hearing, the trial judge fully explained the potential penalties for the offense for which defendant pleaded guilty. Defendant indicated he fully understood the potential penalties and was voluntarily pleading guilty. The trial judge imposed a 10-year sentence. Defense counsel timely filed a motion to reconsider the sentence, arguing the judge should have imposed only the minimum six-year term. The trial court judge refused to reduce the sentence.

Defendant argues the sentence imposed was excessive because the trial court judge did not properly consider the following mitigating factors: (1) his actions did not cause or threaten serious physical harm to another; (2) his illegal activity resulted from his previously being diagnosed with Hodgkin's disease, thereby he was unable to work steadily because he was receiving chemotherapy; (3) he had no prior juvenile or adult criminal record; (4) his statements indicated he was unlikely to commit another crime; (5) the term imposed will endanger his physical condition; (6) he cooperated with authorities; and (7) the trial judge did not adequately consider his rehabilitative potential.

The State contends the sentence was not excessive because defendant received it due to a negotiated agreement. It also argues the record indicates the trial court judge adequately considered the mitigating factors.

The trial judge fully explained to defendant the ramifications of pleading guilty. The State informed the court it agreed to seek not more than a 10-year term of imprisonment. Defense counsel responded that defendant's understanding of the plea agreement was consistent with the State's. Defendant was fully aware he *could* receive a 10-year sentence. Moreover, the sentence imposed by a trial judge will not be overturned absent an abuse of discretion. The trial judge's ruling is entitled to great deference because he is better able to make a reasoned decision based on firsthand considerations of the pertinent aggravating and mitigating factors. (*People v. Streit* (1991),

142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884; *People v. Bernotas* (1991), 215 Ill. App. 3d 371, 376, 574 N.E.2d 1236, 1239.) The sentence imposed was not excessive.

The record shows the trial judge considered the mitigating factors about which defendant complains. These factors were delineated by defense counsel before sentence was imposed. After arguments, the trial judge indicated he was aware of the specific factors he was bound to consider and noted counsel had aptly outlined these.

A sentencing judge is presumed to have considered the relevant factors absent a contrary showing. (*People v. Clark* (1991), 207 Ill. App. 3d 439, 457, 565 N.E.2d 1373, 1385; *People v. Bradney* (1988), 170 Ill. App. 3d 839, 868, 525 N.E.2d 112, 131.) However, we need not rely on this principle because the trial judge stated he considered the relevant factors. In addition, no evidence exists to the contrary.

■ Defendant is mistaken as to the applicability of the first mitigating factor he advances. His actions clearly threatened and may have caused serious physical harm to others. As the trial judge noted, dealing drugs poses serious potential harm. Defense counsel conceded that although defendant's illegal conduct resulted from his illness, this was not an excuse for his conduct. In addition, although defendant had no previous juvenile or adult convictions, he had been dealing drugs since November 1989, by purchasing drugs in large amounts in Chicago and selling them to 13 street-level dealers who distributed them further. He also sold drugs between the time of his arrest in March 1991 and his later arrest on July 8, 1991. Defendant also indicated to police on the day of his arrest that he owned five vehicles, some of which were paid for with drug and gambling profits. The police also found $2,200 in cash at defendant's home the day of his arrest. This is not a portrayal of one who is dealing drugs merely to pay for necessities.

Defendant contends his statement to the trial judge suggests he was unlikely to commit another crime. He also cooperated with police officials after his arrest. However, these considerations are not controlling. The trial judge balanced all relevant factors. His statement to the trial judge was made only *after* he was apprehended for dealing sizeable quantities of cocaine. His argument the 10-year prison term will endanger his physical health is not supported by the record, which indicates his condition of Hodgkin's disease is in remission. Furthermore, as the State notes, there is no evidence that imprisonment would adversely affect his condition.

Defendant's argument the trial judge did not properly consider his rehabilitation potential also fails. The judge indicated he considered each of the mitigating factors. However, he also considered the extent of defendant's involvement in the sale and distribution of cocaine and the length of time he was involved. The judge did not abuse his discretion by imposing a 10-year term on defendant. Defendant could have received a significantly longer term if he had not entered into a plea agreement. Considering the length and depth of his involvement in the sale and distribution of cocaine, a 10-year term was appropriate.

■ Defendant next argues he is entitled to an additional day of credit against his sentence because he was in custody on March 29, 1991, the day he was arrested. The State agrees. Section 5—8—7(b) of the Unified Code of Corrections provides that a defendant "shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b).) This credit applies where defendant is in custody for any part of the day. (*People v. Hutchcraft* (1991), 215 Ill. App. 3d 533, 534, 574 N.E.2d 1337, 1337; *People v. Compton* (1990), 193 Ill. App. 3d 896, 904, 550 N.E.2d 640, 645.) The record supports defendant's claim he was in custody on that day. However, defendant raises this issue for the first time on appeal. The presentence investigation specifically indicated defendant had spent 120 days in custody, and that is the amount with which he was credited by the sentencing order signed by the judge and filed on November 4, the same day as the sentencing. The motion to reconsider filed on November 7 makes no reference to or complaint about credit due for time served.

We are thus presented with an error that is ever more common. We have recently determined an error in computing credit is not waived by the failure of the defendant to call the error to the trial court's attention. (*People v. Donnelly* (1992), 226 Ill. App. 3d 771, 589 N.E.2d 975.) However, defendants who fail to challenge their eligibility for Class X sentencing, based on the commission dates of their prior felonies at their sentencing hearings, have been held to have waived the issue by our supreme court. *People v. Williams* (1992), 149 Ill. 2d 467.

A sentencing hearing is a significant part of the trial process. The presentence report is a critical document. The information in a presentence report may be relied upon by the court, and the parties bear the responsibility of calling any inaccuracy to the court's attention. (See *People v. Powell* (1990), 199 Ill. App. 3d 291, 294-95, 556 N.E.2d 896, 898.) The vigorous advocacy of counsel in negotiating a plea or

defending at trial should not wane at sentencing. Both the State's Attorney and defense counsel have an obligation to assist the court, and *both* are obligated to make sure the defendant receives neither more nor less than the time credit to which he is entitled. We see little justification or explanation for errors in computing such credit. However, our decision in *Donnelly* controls and defendant is entitled to an additional day of credit.

The judgment of the trial court is affirmed and the cause is remanded for amendment of the sentencing order to award defendant an additional day of credit against the sentence imposed.

Affirmed and remanded with directions.

McCULLOUGH and COOK, JJ., concur.