THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD STESKAL, Defendant-Appellant.

Fourth District  No. 4—92—0239

Opinion filed November 5, 1992.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On March 17, 1992, the Sangamon County circuit court sentenced defendant Harold Steskal to four years in prison with credit for 38 days served. The only issue on appeal is the amount of credit to which he is entitled. The parties agree defendant was entitled to 47 days' sentence credit. This is yet another case in which a defendant was not properly credited for time served, thus requiring the need for appellate review. We affirm as modified, but remand for issuance of a corrected order of judgment and sentence.

On February 16, 1988, defendant entered a negotiated plea of guilty to a charge of felony theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1). The offense occurred in April 1986. Defendant was sentenced to a two-year period of probation and ordered to pay restitution and court costs.

Between January 26, 1990, and May 17, 1990, a petition and numerous amended petitions to revoke defendant's probation were filed. Defendant allegedly violated his probation because he had failed to pay court costs and restitution, or report to the adult probation office, and he had committed additional offenses of public indecency, unlawful use of a weapon, battery, and aggravated assault (Ill. Rev. Stat. 1989, ch. 38, pars. 11—9(a), 24—1(a), 12—3(a), 12—2(a)).

The probation revocation hearing occurred and the trial judge concluded the evidence established defendant had violated the terms of his probation because he had unlawfully possessed four rounds of firearm ammunition, willfully refused to pay court costs and restitution, and failed to report to the probation office.

At the sentencing hearing, the trial judge sentenced defendant to a four-year term. The judge indicated defendant would receive 38 days' credit for the time he was incarcerated while revocation proceedings were pending. The trial judge calculated the number of days credited in the following manner:

"He will be given credit for 38 days previously served in jail and that takes into account not only the most recent sentence [from] January 16th to February 20th, which would be 36 days, but also takes into account some of his prior times where he had been picked up pursuant to a warrant. So, he almost always posted bond within a period of 24 hours since the time that he was incarcerated. So, the only time period that I see in going through the docket would be a total of 38 days that he will get credit for."

Neither defense counsel nor the assistant State's Attorney offered the trial court any assistance on this issue or indicated any disagreement with the number of days for which defendant was credited.

The record indicates defendant was initially arrested as a result of probation violations on May 7, 1990, and he posted bond on May 8, *i.e.*, two days. On November 8, 1991, defendant was again arrested for failure to appear and posted bond on November 12, *i.e.*, five days. He was later arrested pursuant to a warrant and remained in custody from January 17, 1992, until February 20, *i.e.*, 35 days.

These periods of incarceration total 42 days which defendant accumulated while his various probation revocation proceedings were

pending. In addition, the trial judge did not credit defendant an additional five days for the period December 7, 1986, the date he was originally arrested on this charge, and December 11, 1986, the date he first posted bond, *i.e.*, five days. Defendant was thus incarcerated 47 days before his probation revocation proceedings terminated.

■ Section 5—8—7(b) of the Unified Code of Corrections states a defendant "shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b).) Credit is granted when defendant is in custody for any part of the day. (*People v. Hutchcraft* (1991), 215 Ill. App. 3d 533, 534, 574 N.E.2d 1337, 1337-38; *People v. Compton* (1990), 193 Ill. App. 3d 896, 904, 550 N.E.2d 640, 645.) The record supports defendant's claim and the State's concession that he should have been credited with 47 days. As noted, neither defense counsel nor the assistant State's Attorney objected to the trial judge's calculation at the trial level. The defendant did not file a motion to reconsider his sentence at the trial level.

■ This court recently concluded an error in computing credit is not waived by the defendant's failure to direct the trial judge's attention to the error. (*People v. Donnelly* (1992), 226 Ill. App. 3d 771, 779, 589 N.E.2d 975, 980; see also *People v. Sizemore* (1992), 226 Ill. App. 3d 956, 960-61, 590 N.E.2d 520, 523-24.) However, problems in sentencing are frequently complained about on appeal when they could have been remedied at the trial level. Simply because we have not found waiver does not mean counsel and judges are relieved of their responsibility to ensure defendants receive appropriate sentences.

The number of cases which raise sentencing issues for the *first time* on appeal indicates some prosecutors, defense counsel, and judges neglect their responsibilities at the sentencing stage of criminal proceedings. The sentencing hearing is a significant part of the trial process. The People and the defendant deserve vigorous advocacy by their representatives in securing a sentence which is fair and technically correct. The trial judge should be informed when a defendant thinks his sentence is excessive or he was not properly credited for previous time served. *People v. Sims* (1992), 233 Ill. App. 3d 471, 476 (Knecht, J., specially concurring).

"[T]he State's Attorney and defense counsel have an obligation to assist the court, and *both* are obligated to make sure the defendant receives neither more nor less than the time credit to which he is entitled." (Emphasis in original.) (*People v. Curtis* (1992), 233 Ill. App. 3d 416, 420.) To facilitate imposing a proper sentence, the trial judge should direct the probation office to include within its presentence re-

port a list of the days defendant was incarcerated on the charge which he is being sentenced on *and* the total of days for which defendant is entitled to credit. (*Donnelly*, 226 Ill. App. 3d at 780, 589 N.E.2d at 981 (Steigmann, J., dissenting).) The trial judge should seek confirmation from defense counsel and the People as to the accuracy of this computation. *Donnelly*, 226 Ill. App. 3d at 779, 589 N.E.2d at 980.

■■■ Accurate computation of sentence credit, as well as post-sentencing motions, would lessen the instances in which sentencing issues are raised on appeal for the first time. The judgment revoking defendant's probation and sentencing him to four years' imprisonment is affirmed; however, our decision in *Donnelly* controls, and defendant is entitled to issuance of an amended sentencing order indicating his sentence should be credited 47 days.

Affirmed as modified; and cause remanded with directions.

GREEN, P.J., and McCULLOUGH, J., concur.