THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY J. MOORE, Defendant-Appellant.

Fourth District    No. 4—96—0188

Opinion filed June 30, 1997.—Rehearing denied July 31, 1997.

Daniel D. Yuhas and Martin J. Ryan, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In May 1995, defendant, Gregory J. Moore, pleaded guilty to first degree murder (720 ILCS 5/9—1(a)(1) (West 1994)). The trial court sentenced him to 20 years in prison (730 ILCS 5/5—8—1(a)(1)(a) (West 1994)) and gave him credit for 120 days previously served in county jail. In February 1996, defendant filed an amended motion to withdraw his guilty plea, which the court denied.

Defendant appeals, arguing that (1) the trial court abused its discretion by denying his motion to withdraw his guilty plea where his trial counsel was ineffective; and (2) he is entitled to one additional day of credit for time served. We affirm.

## I. BACKGROUND

Defendant pleaded guilty to first degree murder on May 3, 1995, and the trial court sentenced him the same day. After consulting with both the State and defense counsel, the court ordered that defendant be given credit for 120 days of credit for time served.

In his amended motion to withdraw his guilty plea, defendant alleged that he did not knowingly and voluntarily waive his right to jury trial because (1) he or a member of his family was threatened with serious physical harm if he did not plead guilty; (2) he was confused and frightened due to those threats; (3) his court-appointed trial counsel, James Kuehl, did not interview material witnesses or explain to defendant the evidence against him; and (4) Kuehl advised him that he would receive a more severe sentence if the case proceeded to trial and would be required to serve 85% of a sentence under the new sentencing guidelines, as opposed to 50% of a sentence if he pleaded guilty.

In March 1996, the trial court conducted a hearing on defendant's motion, heard counsel's arguments, and denied it.

## II. THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

Defendant first argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea where Kuehl provided ineffective assistance of counsel. Defendant specifically contends that Kuehl gave him incorrect advice about changes in section 3—6—3(a)(2) of the Unified Code of Corrections (Correctional Code) concerning good-conduct credit (730 ILCS 5/3—6—3(a)(2) (West Supp. 1995)). We disagree.

Defendant's testimony at the hearing on his motion to withdraw reveals Kuehl, in response to defendant's decision to plead guilty, said, " 'It's up to you. It's the best offer they have,' and that it's up to me to take it." Kuehl testified that on a prior date when defendant was to enter a plea, "I asked Greg, 'Do you want to do this?' And he said, 'No.' And I said, 'Fine.' And I stood up and I said, 'Judge, we're not doing the plea,' and we left." According to Kuehl, defendant stated he was "upset at the time" and came in a day or two later and finalized the plea. "[H]e did want to do the plea; it wasn't his favorite thing to do, but that's what he wanted to do."

In denying defendant's motion, the trial court stated, in relevant part, as follows:

> "[T]here's a big difference between wanting to plead guilty and choosing to plead guilty. [Not wanting to plead guilty] doesn't answer the question whether or not [defendant] voluntar[il]y pled guilty.
>
> * * *
>
> [T]here is nothing in the record of the plea, nothing in the fact that [defendant] was not surprised, that he may have been in a layperson's observation depressed, that he didn't like the detention center, or that he was, in fact, reluctant to enter into his plea to suggest it was other than knowingly, intelligently, [and] voluntarily made.
>
> *** I am not persuaded even by a preponderance of the evidence that that threat [to defendant's brother] was ever relayed to the [d]efendant.
>
> More importantly, I'm certainly not persuaded that [the threat] in any way influenced, affected, or coerced the [d]efendant into pleading guilty."

In arguing the motion to the trial court, defendant's new counsel argued that defendant's guilty plea was involuntary because (1) defendant was depressed; (2) he thought he was going to lose the case; and (3) he was afraid for his own safety. Defendant's newly appointed counsel did not argue that the guilty plea was rendered involuntary because of Kuehl's advice concerning the possible length of

the sentence or the then-recent amendment to the statute authorizing good-conduct credit. As a result, defendant raises a theory on appeal not relied on in the trial court, and that court never addressed it in denying defendant's motion to withdraw the guilty plea. Thus, defendant has waived consideration of that argument on appeal. *People v. Hamilton*, 283 Ill. App. 3d 854, 861-62, 670 N.E.2d 1189, 1194-95 (1996).

■ Even if defendant had not waived this argument, we would conclude that he failed to demonstrate ineffective assistance of counsel. The denial of a motion to withdraw a guilty plea rests in the trial court's sound discretion, and a reviewing court will not overturn that determination unless (1) the guilty plea was entered through a misapprehension of the facts or law; or (2) doubt of the defendant's guilt exists and justice would be better served by submitting the case to trial. *People v. Hillenbrand*, 121 Ill. 2d 537, 545, 521 N.E.2d 900, 903 (1988). To establish that defendant was denied effective assistance of counsel in entering a guilty plea, defendant must demonstrate both (1) that his counsel's performance was deficient; and (2) prejudice to defendant (defined as a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial). Prejudice is assessed in light of the likelihood of success at trial, and if prejudice has not been demonstrated, we need not consider whether counsel's performance was deficient. *People v. Pugh*, 157 Ill. 2d 1, 14-15, 623 N.E.2d 255, 261-62 (1993).

■ Defendant concedes in his brief that Kuehl's advice—that if defendant's case went to trial, conviction and a sentence of 25 to 30 years were likely—was neither unreasonable nor deficient. However, defendant contends that Kuehl's incorrect advice concerning the matter of good-conduct credit requires reversal. We disagree.

Our review of the record makes clear that the trial court thoroughly and completely admonished defendant as to the consequences of his guilty plea. Defendant's responses to the court's questions do not reveal any misunderstanding or hesitancy in his decision to plead guilty.

Moreover, even if Kuehl's advice as to good-conduct credit was incorrect, defendant has not demonstrated prejudice to him in his decision to plead guilty. The record does not show that any alleged misunderstanding by defendant or Kuehl regarding good-conduct credit in any way affected the voluntariness of defendant's guilty plea.

Accordingly, we hold that the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea.

## III. CREDIT FOR TIME SERVED

Last, defendant argues that he is entitled to one additional day of credit against his prison sentence for time served in county jail. Defendant claims that the record shows he is entitled to 121 days of credit, yet the trial court—after consulting with the State and defense counsel—credited him with only 120 days. The State concedes defendant's claim that he is entitled to an additional day's credit for time served, but we reject the State's concession because we conclude defendant has waived this claim.

Defendant acknowledges that "[t]his issue is not preserved for appeal because it was not raised in a motion to reduce sentence." He nevertheless contends that we should address the matter as plain error affecting substantial rights. We disagree.

■ The last sentence of Supreme Court Rule 604(d) provides as follows: "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 145 Ill. 2d R. 604(d) (eff. August 1, 1992). The Supreme Court of Illinois has been very clear about the meaning of its rules, emphasizing that the court meant exactly what it said. See *People v. Wilk*, 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221 (1988) ("At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions").

■ In the present case, defendant did not include the issue of his claimed sentence credit in his motion to reconsider sentence and has, accordingly, waived it. In so holding, we note that this sentencing credit issue is particularly well suited to waiver analysis under Rule 604(d) because, had defendant called this matter appropriately to the trial court's attention, that court could have easily granted defendant any relief to which he was entitled, thus obviating the need to raise the issue on appeal.

An additional reason exists to conclude that defendant has waived his issue. In *People v. Donnelly*, 226 Ill. App. 3d 771, 779, 589 N.E.2d 975, 980 (1992), this court addressed the subject of computing a defendant's credit for time served at the sentencing hearing and stated:

> "Because of the statutory right to the credit, we hold that the error in computing the credit is not waived by failure of the defendant *** to call the error to the trial court's attention. *** [P]roper trial-court practice at the time of sentencing would include taking a few additional minutes to discuss credit-time computation with the prosecutor, defense counsel, and defen-

dant—and then fix the number of days. From our experience, that effort might well avoid the loss of labor necessitated in the appellate process and the remandment process."

Not long after rendering our opinion in *Donnelly*, this court decided *People v. Curtis*, 233 Ill. App. 3d 416, 420, 599 N.E.2d 101, 103 (1992), where we cited *Donnelly* and wrote the following:

"Both the State's Attorney and defense counsel have an obligation to assist the court, and *both* are obligated to make sure the defendant receives neither more nor less than the time credit to which he is entitled. We see little justification or explanation for errors in computing such credit." (Emphasis in original.)

Further, in *People v. Steskal*, 236 Ill. App. 3d 821, 824, 602 N.E.2d 977, 979 (1992), this court reaffirmed the views stated in *Curtis*, noted that neither the State nor defense counsel in that case offered the trial court any assistance in computing credit, and wrote the following:

"The trial judge should seek confirmation from defense counsel and the [State] as to the accuracy of [the probation office's presentence report] computation [of the total days for which defendant is entitled to credit for time served]."

The present case differs from *Donnelly*, *Curtis*, and *Steskal* because the records in each of those cases were *silent* as to the defendant's agreement with the trial court's determination of the number of days for which the defendant was entitled to credit for time served. Here, however, the record before us shows that the trial court did precisely what this court urged in *Donnelly*, *Curtis*, and *Steskal*; namely, (1) it consulted with the State and defense counsel regarding the credit defendant was purportedly due for time served, (2) it sought—and received (through defense counsel)—defendant's explicit agreement with the total number of 120 days' credit, and (3) it corrected the number of days' credit accordingly. At sentencing hearing, the court noted that the State and defense counsel had stipulated that defendant was entitled to 118 days of credit, and the following discussion then took place:

"[Prosecutor]: Judge, that's an error. It's now 120 days.
THE COURT: Is that accurate, [defense counsel]?
[Defense counsel]: That's two days to be added, Judge.
THE COURT: We'll make that 120 days."

■ Under the circumstances of this case—where the trial court consulted with the State and defense counsel, who *explicitly agreed* with the calculation of the total amount of credit for time served—we hold that defendant has waived this issue on appeal. As our supreme court stated in another context, "If a defendant procures, invites or acquiesces in the admission of evidence, even though it be improper,

he cannot complain." *People v. Burage*, 23 Ill. 2d 280, 283, 178 N.E.2d 389, 391 (1961).

Trial courts have no way of knowing—or controlling—how many days will pass after a defendant's sentencing hearing before he is in fact transferred to the Department of Corrections (DOC). Thus, to avoid confusion by DOC when it receives a recently sentenced defendant, we suggest that the trial court specify in the sentencing order that the credit it is ordering for time served is as of the date the sentencing hearing occurs. Then DOC would simply add additional days the defendant remained in custody in the local county jail until he was transferred to DOC to determine how much credit for time served defendant is entitled to when he is actually received at DOC. In the present case, for example, the sentencing hearing occurred on May 3, 1995, and the trial court stated that defendant was entitled to 120 days of credit for time served. Following our suggestion, the trial court would state, "defendant is entitled to 120 days of credit for time served as of the date of this sentencing hearing, May 3, 1995," and the sentencing order would contain this statement, as well.

In concluding that defendant in this case has waived his argument on appeal that he is entitled to an additional day's credit for time served, we are mindful of the recent decision of the supreme court in *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997). In that case, the supreme court overruled the decision of this court in *People v. Toolate*, 274 Ill. App. 3d 408, 654 N.E.2d 605 (1995), and held that the $5-per-diem monetary credit against the fine imposed for time spent in jail prior to sentencing, provided under section 110—14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110—14 (West 1994)), may be allowed even on appeal. *Woodard*, 175 Ill. 2d at 456-58, 677 N.E.2d 945-46. In our judgment, the difference between *Woodard* and *Toolate* on the one hand and the present case on the other is that the records in *Woodard* and *Toolate* were both silent at each sentencing hearing on the subject of the defendant's credit under section 110—14 of the Code against the fine the court imposed. See *Woodard*, 175 Ill. 2d at 438, 677 N.E.2d at 937; *Toolate*, 274 Ill. App. 3d at 409, 654 N.E.2d at 605-06. In the present case, however, defendant was not silent at the sentencing hearing. Instead, he agreed with the trial court and the State that he should be credited with 120 days of time served against his sentence, instead of 118 days that the court originally thought appropriate. Thus, this case is more like those situations in which the defendant not only fails to object, but affirmatively concurs in the action of the trial court, thereby waiving any objection to the action.

We note that this court has today filed *People v. Gwartney*, 289

Ill. App. 3d 350 (1997), reaching the same conclusion regarding defendants who actively participate at the sentencing hearing with the trial court and prosecutor in determining the amount of credit for time served.

## IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GREEN, J., concurs.

JUSTICE McCULLOUGH, concurring in part and dissenting in part:

The State and the defendant agree that defendant is entitled to one additional day's credit on his sentence. It is clear a mistake was made by the trial court in determining the proper credit. The parties agree it was a mistake. The credit should be given. The majority is saying go back and file a section 2—1401 motion. See 735 ILCS 5/2—1401 (West 1994). Is this judicial economy?

The defendant's claim is rejected on the basis that the claim has been waived. Waiver is the intentional relinquishment of a known right. Why would a defendant ever knowingly give up a day of credit?

*Donnelly, Curtis* and *Steskal* are cited but distinguished because there was no agreement by the defendant as to the proper credit. Also distinguished is *Woodard,* because the record was silent as to section 110—14 credit.

The record in *Woodard* may have been silent on the credit issue in the trial court but that is not the basis for the supreme court's holding.

The supreme court in *Woodard* makes it clear that the credit should be granted. *Woodard* did not involve a person's freedom. In *Woodard,* the issue was the $5 credit under section 110—14 of the Code of Criminal Procedure of 1963, which provides in part: "shall be allowed a credit *** upon application of the defendant." 725 ILCS 5/110—14 (West 1994); *Woodard,* 175 Ill. 2d at 440, 677 N.E.2d at 938. The applicable provision in this case, section 5—8—7(b) of the Correctional Code, states in part: "[t]he offender shall be given credit *** at the rate specified in Section 3—6—3 of this Code." 730 ILCS 5/5—8—7(b) (West 1994). The court stated regardless of the failure of the defendant to apply, he was entitled to the credit. The *Woodard* court stated, "[t]he plain language of section 110—14 and its amendments also carries no indication that application at the trial level is a

statutory precondition to the right to any credit." *Woodard*, 175 Ill. 2d at 448, 677 N.E.2d at 941. Certainly in determining credit for time served, the defendant does not have to make any application.

Section 5—8—7 of the Correctional Code does not require that the credit be determined at the time of the sentencing. 730 ILCS 5/5—8—7 (West 1994). Again, as *Woodard* states: "judicial discretion is not involved in a decision to allow the credit." *Woodard*, 175 Ill. 2d at 453, 677 N.E.2d at 944. " 'Granting the credit is a simple ministerial act that will promote judicial economy by ending any further proceedings over the matter.' " *Woodard*, 175 Ill. 2d at 456-57, 677 N.E.2d at 945, quoting *People v. Scott*, 277 Ill. App. 3d 565, 566, 660 N.E.2d 1316, 1316-17 (1996).

It is interesting to note that the supreme court in *Woodard* cited four cases from this district dealing with the mandatory credit in section 5—8—7(b) of the Correctional Code. In *People v. Sizemore*, 226 Ill. App. 3d 956, 590 N.E.2d 520 (1992), the presentence report showed the dates defendant was entitled to credit for time served. This court, citing *Donnelly*, stated the issue of credit was not waived.

In *Donnelly*, we stated:

"Section 5—8—7(b) of the Code is absolute, and there is no room for discretion. Credit must be given, and computation of the credit is basically an administrative function, but sentencing itself is a judicial function. The credit time is usually shown in the 'Judgment and Sentence,' and is part of the 'Mittimus for State Penal Institutions.' This document is often dated, as in the present case, some days after the sentencing hearing and may not be seen by the defendant. It is, however, a part of the record on appeal.

Because of the statutory right to the credit, we hold that the error in computing the credit is not waived by failure of the defendant in this case to call the error to the trial court's attention."

*Donnelly*, 226 Ill. App. 3d at 779, 589 N.E.2d at 980.

In *People v. Bates*, 179 Ill. App. 3d 705, 709, 534 N.E.2d 1019, 1021 (1989), in a postconviction setting on credit for time served, this court did adopt waiver, "where it could have been raised in the trial court or on direct appeal but was not." Also in *People v. Beech*, 202 Ill. App. 3d 576, 580, 560 N.E.2d 395, 398 (1990), citing *Bates*, 179 Ill. App. 3d 705, 534 N.E.2d 1019, this court again stated such an issue can be raised on direct appeal.

*Woodard* did not make the defendant's right to the $5 credit dependent upon any lack of agreement in the trial court. The majority makes an exception to the right to credit as an issue on appeal if defendant makes some tacit agreement in the trial court. Certainly a day's credit for time served is as important to a defendant as the $5 credit dealt with in *Woodard*.

In this case waiver is based upon the litany between the prosecutor, the defendant's attorney and the court. That colloquy, because of its brevity, is worthy of repeating from the record in its entirety:

"THE COURT: *** He's to receive credit against that sentence for all time heretofore served in custody, which I believe the parties stipulated is 118 days.

[Prosecutor]: Judge, that's an error. It's now 120 days.

THE COURT: Is that accurate, [defense counsel]?

[Defense counsel]: That's two days to be added, Judge.

THE COURT: We'll make that 120 days."

Neither the parties nor the court had the benefit of a presentence report. This record is not sufficient to bar a defendant from presenting this issue on appeal.

The supreme court has recently remanded several cases pursuant to *Woodard. People v. Watson,* 173 Ill. 2d 544 (1997); *People v. Hillsman,* 173 Ill. 2d 534 (1997); *People v. Taylor,* 173 Ill. 2d 543 (1997); *People v. Brazelton,* 173 Ill. 2d 530 (1997); and *People v. Harris,* 173 Ill. 2d 534 (1997). These supreme court orders, since *Woodard,* dealing with the credit issue, are a clear indication that defendant should be granted 121 days' credit.

As to the Rule 604(d) issue, the majority *sua sponte* finds waiver. The State does not argue waiver, suggesting the State has waived the issue of waiver.

I agree with the majority that the trial court did not err in denying defendant's motion to withdraw his guilty plea.