In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3619

GREGORY J. MOORE,

*Petitioner-Appellant,*

v.

STEVEN BRYANT, Warden, Robinson
Correctional Center,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 00-CV-2119-**Michael P. McCuskey**, *Judge.*

ARGUED APRIL 25, 2002—DECIDED JULY 9, 2002

Before CUDAHY, RIPPLE and ROVNER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Illinois inmate Gregory Moore
brought a petition for a writ of habeas corpus under 28
U.S.C. § 2254, alleging that his trial counsel was ineffective
for incorrectly advising him about the sentencing conse-
quences of pleading guilty. The district court denied the
petition on the ground that Mr. Moore had procedurally
defaulted his ineffective assistance claim in state court, but
granted Mr. Moore a certificate of appealability. For the
reasons set forth in this opinion, we reverse the judgment of

the district court and remand the case for further proceedings.

# I

# BACKGROUND

## A. State Court Proceedings

In 1994, when Mr. Moore was 15 years old, he was charged as an adult with first-degree murder for his involvement in a shooting. Attorney James Kuehl was appointed to represent Mr. Moore. In May 1995, just before the case was scheduled to go to trial, Mr. Moore pleaded guilty in exchange for the state's recommendation that he receive the minimum twenty-year prison sentence. The trial court accepted the guilty plea and sentenced Mr. Moore to 20 years of imprisonment. Shortly thereafter, however, Mr. Moore moved to withdraw his plea, and the trial court appointed another attorney, Sherman Brown, to represent him. Attorney Brown then filed an amended motion to withdraw the guilty plea. That motion submitted that Mr. Moore's plea was not knowingly or voluntarily made because, among other things, Attorney Kuehl had told Mr. Moore that, if he were convicted after a trial, Illinois' newly enacted good-time credit statute would require that he serve 85% of the sentence imposed. By comparison, if he pleaded guilty immediately, he would serve, under the then-current Illinois law, 50% of a twenty-year sentence. However, Mr. Moore did not face the choice posed to him by his counsel. The new good-time statute, 730 ILCS 5/3-6-3(a)(2), only applied to offenses committed after its passage in August 1995, and thus did not apply to Mr. Moore's 1994 offense.

At the hearing on the amended motion to withdraw his guilty plea, Mr. Moore testified that, about a week before

trial was to begin, Attorney Kuehl told him that he thought Mr. Moore would lose at trial and that a new good-time statute was going into effect soon that would require him to serve 85% of his sentence. Attorney Kuehl told Mr. Moore that, if convicted, the court would impose a sentence within the range of 25 to 30 years of which he would have to serve 22 to 27 years; if he accepted the plea offer, he would only have to serve 10 years of a twenty-year sentence. Attorney Kuehl therefore had recommended that Mr. Moore accept the state's offer.

Mr. Moore testified that he was scared at the time. He did not want to accept the offer, but did not know what else to do. Mr. Moore's mother corroborated her son's testimony. Attorney Kuehl also testified at the hearing. He stated that he indeed was concerned about Mr. Moore's having to serve more time if he was convicted after the new good-time statute became effective and that he had discussed those concerns with Mr. Moore. Attorney Kuehl, however, said that, at the time he gave the advice, he did not have a copy of the statute and was unsure whether it would apply to Mr. Moore. Attorney Kuehl testified that Mr. Moore ultimately decided that it was in his best interest to accept the plea offer, but did so reluctantly.

The trial court denied the motion to withdraw the plea; it concluded that Mr. Moore had entered his plea knowingly and voluntarily. The Illinois Appellate Court affirmed his conviction in June 1997. The appellate court noted that Mr. Moore had waived his ineffective assistance claim by failing to argue it in the trial court, but the court then went on to reject the claim on the merits. Mr. Moore then petitioned the Supreme Court of Illinois for leave to appeal. The court denied leave to appeal, but vacated part of the appellate court's decision denying Mr. Moore presentence credit. In May 1998, Mr. Moore filed a timely pro se petition for post-conviction relief under the Illinois Post-Conviction Hearing

Act, 725 ILCS 5/122-1, et seq. In the petition, he primarily alleged that he was denied effective assistance of counsel because of Attorney Kuehl's incorrect advice regarding his potential sentence. The trial court dismissed this petition as frivolous, holding that, because the appellate court had addressed this ineffective assistance argument on direct appeal, Mr. Moore was barred by the res judicata doctrine from asserting the issue again in his post-conviction petition. In July 1999, the appellate court affirmed, and the Supreme Court of Illinois denied leave to appeal in October 1999.

**B. District Court Proceedings**

In May 2000, Mr. Moore filed his petition for a writ of habeas corpus under § 2254, again raising his ineffective assistance of counsel claim. The district court denied the petition without reaching the merits; it concluded that the Illinois state courts had rejected the claim based on the independent and adequate state procedural grounds of waiver and res judicata. Therefore, federal review was barred. The district court, however, granted Mr. Moore a certificate of appealability because "jurists of reason" would find it debatable whether Mr. Moore was denied his constitutional right to effective assistance of counsel and whether the court's procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, both constitutional and procedural issues are certified for appeal, we resolve the procedural issue first. *See id.* at 485.

## II

### ANALYSIS

We review the district court's procedural default ruling de novo. *See Franklin v. Gilmore*, 188 F.3d 877, 882 (7th Cir.

1999). Mr. Moore submits that he did not procedurally default his ineffective assistance claim because, on direct review, the Illinois Appellate Court did not clearly rely on waiver as an independent and adequate state ground for its decision, but rather denied his claim on its merits. We agree.

A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Stewart v. Smith*, 01-339, 2002 WL 1392891, at *2-3 (U.S. June 28, 2002); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30. But this doctrine will not bar habeas review unless the state court actually relied on the procedural default as an independent basis for its decision. *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). Thus, if the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on the resolution of those claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, we may conclude that there is no independent and adequate state ground and proceed to hear the federal claims. *Harris*, 489 U.S. at 263-65; *Coleman*, 501 U.S. at 735.

Here, the Illinois Appellate Court's decision on direct appeal fairly appears to rest primarily on its resolution of Mr. Moore's ineffective assistance claim or to be intertwined with that claim. The appellate court noted that, despite having raised the issue in his amended motion to withdraw, Mr. Moore's newly appointed counsel did not argue Kuehl's ineffectiveness at the plea withdrawal hearing. Thus, the court stated that Mr. Moore had "waived consideration of

that argument on appeal." *People v. Moore*, 681 N.E.2d 1089, 1091-92 (Ill. App. Ct. 1997). But the Illinois Appellate Court then discussed the merits of that argument in some detail. The court ultimately concluded that Kuehl's advice, even if it was incorrect, did not prejudice Mr. Moore's decision to plead guilty. The court then stated, "[a]ccordingly, we hold that the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea." *Id.* at 1092.

A state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine "curtails reconsideration of the federal issue on federal habeas." *Harris*, 489 U.S. at 264 n.10; *see also Brooks v. Walls*, 279 F.3d 518, 522-23 (7th Cir. 2002); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383-84 (7th Cir. 1990). As the district court noted, the Illinois Appellate Court prefaced its analysis of Mr. Moore's ineffective assistance claim with language suggesting the alternative nature of its holding: "Even if defendant had not waived this argument, we would conclude that he failed to demonstrate ineffective assistance of counsel." *Moore*, 681 N.E.2d at 1092. But "[s]tate procedural bars are not immortal, . . . they may expire because of later actions by state courts." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *see also Brooks*, 279 F.3d at 522 ("[W]hen state courts disagree about the right ground of decision, the ruling of the last state court to articulate a reason governs."). The Illinois Appellate Court's decision on direct appeal did not mark the end of Mr. Moore's ineffective assistance challenge in state court. Mr. Moore also filed a petition for post-conviction relief, arguing not only that Kuehl was ineffective for failing to properly advise him regarding his potential sentence, but also that Brown, counsel appointed to represent him at the plea withdrawal hearing, was ineffective for failing to argue Kuehl's alleged ineffectiveness.

The Illinois courts' treatment of Mr. Moore's ineffective assistance claims on collateral review demonstrates that, on direct appeal, the appellate court's merits determination had not been merely an alternative holding. Under Illinois law, "where a petitioner has previously taken a direct appeal from a judgment of conviction, the judgment of the reviewing court is res judicata as to all issues actually decided by the court, and any other claims that could have been presented to the reviewing court, if not presented, are waived." *People v. Flores*, 606 N.E.2d 1078, 1083 (Ill. 1993). Significantly, the Illinois post-conviction court did not conclude that the direct appeal court's waiver determination barred consideration of Mr. Moore's claim on collateral review. Rather, the post-conviction court stated that the direct appeal court only "noted" that Mr. Moore had waived the issue but actually held that the claim was meritless. *People v. Moore*, No. 95-CF-12 (Ill. Cir. Ct. May 26, 1998) (unpublished order) (Pet. App. 29, 31). Because the issue had been "specifically addressed" on direct appeal, the court concluded, it was barred by res judicata. *Id.* Likewise, the post-conviction court rejected Mr. Moore's argument that Brown was ineffective for waiving the ineffectiveness argument in the trial court, stating that "[i]n light of the Appellate Court holding that the original trial counsel [Kuehl] was not ineffective, there can be no argument that the subsequent trial counsel or the appellate counsel were ineffective for failure to raise the issue of the ineffectiveness of the original trial counsel." *Id.* at 31.

The post-conviction appellate court affirmed the dismissal of Mr. Moore's petition on res judicata. *People v. Moore*, No. 4-98-487 (Ill. App. Ct. July 1, 1999) (unpublished order) (Pet. App. 19, 26). In its order—authored by the same justice who wrote for the court on Mr. Moore's direct appeal—the court explained that its decision on direct appeal primarily rested not on waiver, but on its resolution of Mr. Moore's ineffec-

tive assistance claim. The appellate court stated that on direct appeal it "considered at length defendant's claim that Kuehl's ineffectiveness resulted in defendant's involuntary guilty plea." *Id.* at 26. Because that claim was considered and rejected on its merits, the court concluded that "the trial court here correctly determined that further consideration of defendant's claim was barred by res judicata." *Id.*

Before us, the state nevertheless argues that the post-conviction appellate court used the term "res judicata" to mean that it had previously found waiver.[1] But the appellate court did not discuss its prior waiver determination in its post-conviction order. To the contrary, the court stated that "[a]t the hearing on the motion, defendant presented evidence in support of his motion and testified in his own behalf. Thus, defendant properly presented his ineffective assistance of counsel claim on direct appeal." *Id.* In its order, the court also reiterated its reasons for rejecting that claim on direct appeal—that the trial court fully admonished Mr. Moore regarding the consequences of his guilty plea and that Mr. Moore's responses did not reveal "any misunderstanding or hesitancy in his decision to plead guilty." *Id.* at 25. Those

---

[1] The state also argued, and the district court agreed, that the post-conviction appellate court's res judicata holding was an additional independent and adequate state ground barring federal review. At oral argument, however, the state abandoned that argument, acknowledging that we have repeatedly held that res judicata is not a bar to consideration of claims in a federal habeas action. *See Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997); *Porter v. Gramley*, 112 F.3d 1308, 1316 (7th Cir. 1997). Indeed, a state court's invocation of res judicata "simply means that the state courts have already resolved the matter and want nothing more to do with it." *Porter*, 112 F.3d at 1316. Thus, the district court also erred in concluding that res judicata prevented it from reviewing the merits of Mr. Moore's federal claim.

conclusions, the court stated, "were essential to our decision on direct appeal." *Id.* Thus, the post-conviction appellate court applied res judicata because it had already resolved the ineffective assistance claim on direct appeal.

Notably, our colleagues in the Third Circuit have held that a waiver determination on direct appeal is not an independent and adequate state ground when on collateral review the state courts treated the direct appeal decision as resting on the merits and not on waiver. *See Riley v. Taylor*, 277 F.3d 261, 274-75 (3d Cir. 2001) (en banc). In *Riley*, the state supreme court concluded on direct appeal that the petitioner's federal claim was not fairly presented to the trial court, but held "in the alternate" that the claim failed on the merits. *Id.* at 274. When the petitioner attempted to reassert his federal claim on state collateral review, the trial court addressed the claim, and the state supreme court "expressly reaffirmed" that his federal claim lacked merit. *Id.* Notably, the Third Circuit stated, the post-conviction appellate court did not reaffirm its prior holding regarding procedural default; nor did it discuss that holding in its decision. Because the post-conviction appellate court treated its previous decision as a rejection of the petitioner's claim on the merits, the petitioner was not barred from seeking federal habeas review of that claim. *Id.* at 274-75. We are confronted with the same situation and resolve the matter in the same way as did our colleagues in the Third Circuit. Here, the post-conviction appellate court treated its direct appeal decision as rejecting Mr. Moore's ineffective assistance claim on the merits rather than on waiver. Thus, waiver is not an independent and adequate state ground precluding federal review of that claim.

Because the district court concluded otherwise, it did not address Mr. Moore's ineffective assistance claim on the merits. Moreover, the state has not yet addressed the merits

in the district court or in its brief to this court. The district court is in the best position to make the first assessment of the underlying merit of Mr. Moore's ineffective assistance claim. *See Rice v. Bowen*, 264 F.3d 698, 702 (7th Cir. 2001).

### Conclusion

Mr. Moore did not procedurally default his ineffective assistance of counsel claim. Therefore, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-97-C-006—7-9-02