In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-2622

EMMANUEL PAGE,

*Petitioner-Appellant,*

v.

MATTHEW J. FRANK,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99 C 1270—**Lynn Adelman**, *Judge.*

ARGUED JUNE 6, 2003—DECIDED SEPTEMBER 11, 2003

Before RIPPLE, KANNE and DIANE P. WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Emmanuel Page appeals the de-
nial of his petition for a writ of habeas corpus. *See* 28
U.S.C. § 2254. The district court held that the last deci-
sion rendered on the merits by the state courts, the Court
of Appeals of Wisconsin's decision of May 19, 1999, was
based on an independent and adequate state procedural
ground and therefore barred collateral review in the fed-
eral courts. Because we are in respectful disagreement with
that determination, we must reverse the judgment of the
district court and remand the case for further proceedings.

# I

# BACKGROUND

## A. Facts

In 1994, Mr. Page was convicted in the Circuit Court for Milwaukee County, Wisconsin, on two counts of intentional homicide and one count of attempted armed robbery. These charges were based on the deaths of Felix Rodriguez and Daniel Valentin. In the state trial court, Mr. Page was represented by Attorney Andrew Mishlove. Only one witness to the crime, John Guirau, testified in the State's case. Guirau stated that, on August 8, 1996, he was in his apartment with some friends, including the two decedents. An old friend of Guirau, Caprice Summers, appeared at the door and informed the occupants that he had a friend outside who was interested in selling an AK-47 assault rifle. Valentin indicated an interest in the weapon; Guirau therefore invited Summers and his three friends, including Mr. Page, into the apartment. According to Guirau, at some point during the ensuing negotiations over the weapon's price, Mr. Page pulled a gun, pointed it at Guirau's head and announced a robbery. Summers and Rodriguez then began struggling for control of the AK-47. Guirau testified that Mr. Page fired at him but missed. Guirau also believed that he heard the AK-47 fire during the struggle. He heard five shots fired, but he did not see Mr. Page shoot anyone.

At trial, the most incriminating evidence that Mr. Page was the shooter was his alleged confession in the handwriting of Detective Sliwinski, one of the two officers who had questioned Mr. Page at the police station. The document provided two places for the suspect to sign, one indicating that the individual agreed to waive *Miranda* rights and to provide a statement and the other affirm-

ing the accuracy of the statement. Mr. Page had signed neither, and the document provided no explanation for this omission. Mr. Page testified at trial that he had invoked his *Miranda* rights but that the officers nevertheless had continued to question him and to ask him to sign a number of statements; he had refused to do so. Detective Sliwinski testified that Mr. Page had agreed to make a statement, had agreed to its accuracy, but nevertheless had refused to sign the form.

Mr. Page filed a one-page motion to suppress the alleged confession on the ground that the statement had been procured through a violation of Mr. Page's *Miranda* rights; however, at the suppression hearing, counsel neither briefed the issue nor invited the court's attention to any relevant case law. The trial court determined that, as a matter of law, the statement's lack of signatures went to credibility and not admissibility. The trial court then denied the motion to suppress the statement without addressing the *Miranda* issue. During the suppression hearing, Mr. Mishlove neither submitted any documentary evidence nor called any witnesses other than Mr. Page. Mr. Page eventually was convicted on all counts and sentenced to two consecutive life sentences. At that stage, Mr. Mishlove withdrew from the case. He was replaced by new counsel, Robert Kagen.

Following Mr. Page's conviction, Attorney Kagen filed a postconviction motion in the state trial court. *See* Wis. Stat. § 974.02. This petition presented only one issue: whether certain jury instructions regarding lesser included offenses should have been given. Mr. Kagen did not challenge the effectiveness of trial counsel or the admission of the alleged confession. The trial court denied the postconviction motion.

Attorney Kagen then filed a no-merit brief in the Court of Appeals of Wisconsin. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's no-merit brief presented three issues; Mr. Page filed a pro se response that raised two additional issues. None of these issues addressed the allegedly improper confession, the *Miranda* violation, or the effectiveness of trial counsel. On July 30, 1996, the Court of Appeals of Wisconsin granted the *Anders* motion, permitted counsel to withdraw and affirmed the trial court's decision after reviewing the record and finding no issues of arguable merit.

Mr. Page, proceeding pro se, then filed a second postconviction motion in the Wisconsin trial court; this motion was filed under Wisconsin Statute § 974.06. The motion asserted several constitutional claims, including ineffective assistance of postconviction counsel for failing to raise the *Miranda* violation, a confrontation clause claim, and an ineffective assistance of trial counsel claim. The state trial court denied the motion; it stated that the issues presented had no merit and further reasoned that, as a consequence, neither of Mr. Page's attorneys had been deficient in failing to raise them. The state trial court also denied the motion on the ground of procedural waiver because the issues had not been raised in the no-merit briefs on direct appeal. The state trial court further concluded that Mr. Page could not overcome the waiver because he had not shown good cause for failing to raise these issues on the direct appeal.

Mr. Page, continuing to act pro se, then filed in the Court of Appeals of Wisconsin an appeal of the trial court's denial of his § 974.06 motion. The Court of Appeals of Wisconsin affirmed the trial court's order on May 19, 1999. It stated that Mr. Page was procedurally barred by the Supreme Court of Wisconsin's ruling in *State v. Escalona-*

*Naranjo*, 517 N.W.2d 157 (Wis. 1994). The court then divided its analysis of Mr. Page's claims into those waived and those denied on the merits. The court determined that Mr. Page had waived his confrontation clause claim, his *Miranda* claim, and his ineffective assistance of trial counsel claim because he failed to raise these issues in his response to the no-merit brief on direct appeal. The court provided a merits-based rationale for denying Mr. Page's ineffective assistance of postconviction/appellate counsel claim by holding that the underlying issues previously had been decided to be meritless and therefore need not be reviewed again.

## B. District Court Proceedings

Mr. Page next filed a pro se petition seeking a writ of habeas corpus in the United State District Court for the Eastern District of Wisconsin. He raised several constitutional issues, including ineffective assistance of trial counsel. Specifically, he argued that his postconviction/appellate counsel was ineffective in presenting these constitutional challenges before the Wisconsin courts. *See* R.1 at 7-8. The district court denied the petition. The court took the view that the ineffective assistance of postconviction/appellate counsel claims had been procedurally defaulted and that federal review therefore was barred.

On September 17, 2002, a judge of this court issued a certificate of appealability certifying three issues:

1. Whether the state post-conviction appeals court's decision that petitioner waived his ineffective assistance of counsel claims rested on an adequate and independent state procedural ground or whether the decision relied on the merits such that the federal

claims were preserved for review. *See Moore v. Bryant*, 295 F.3d 771 (7th Cir. 2002).

2.  Whether the state post-conviction appeals court's decision that petitioner waived his ineffective assistance of counsel claims by not raising them in response to appellate counsel's "no-merit report" pursuant to *Anders v. California*, 386 U.S. 738 (1967), was adequate and independent. *Cf. Wilkinson v. Cowan*, 231 F.3d 346 [sic 347] (7th Cir. 2000).

3.  Whether petitioner's various attorneys rendered ineffective assistance of counsel in violation of the United States Constitution with respect to petitioner's *Miranda v. Arizona*, 384 U.S. 436 (1966), claims.

Appellant's App. at 32.

## II

## DISCUSSION

A federal court entertaining a petition for a writ of habeas corpus will not review a question of federal law if it determines that the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *See Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). Simply stated, the independent and adequate state ground doctrine bars " 'federal habeas when a state court [has] declined to address a prisoner's federal claims because the prisoner [has] failed to meet a state procedural requirement.' " *Moore*, 295 F.3d at 774 (quoting *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). In assessing whether a state court ruling is based on an "independent and adequate" determination of state law, the federal court must refer to the decision of the last

state court to have ruled on the merits. *See Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002); *Brooks v. Walls,* 279 F.3d 518, 522 (7th Cir. 2002). In this case, the last ruling on the merits by a Wisconsin state court is the May 19, 1999, decision of the Court of Appeals of Wisconsin. *See* R.11, Ex.F. We review de novo a district court's determination that an individual has procedurally defaulted a claim. *See Moore*, 295 F.3d at 774; *Braun*, 227 F.3d at 911-12. In determining whether a claim has been procedurally defaulted, we look to Wisconsin law. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000) (stating that, in a federal habeas proceeding, state law controls whether a claim has been defaulted)*; Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999) (same).

## A.

Before we embark on an analysis of the case before us, it will be helpful to set forth the procedural path that the Wisconsin legislature has established for the review of criminal convictions.

The procedures governing the review of Wisconsin criminal convictions are set forth in §§ 974.02 and 974.06 of the Wisconsin Statutes. After a conviction in a Wisconsin trial court, a defendant's first avenue of relief is a postconviction motion under § 974.02.[1] This motion is

---

[1] Wis. Stat. § 974.02 provides:

>   (1)   A motion for postconviction relief other than under s. 974.06 or 974.07(2) by the defendant in a criminal case shall be made in the time and manner provided in ss. 809.30 and 809.40. . . .

(continued...)

filed in the trial court in which the conviction was adjudi-
cated. Arguments concerning sufficiency of the evidence
or issues previously raised before the trial court need not
be raised in this motion in order to preserve the right
of appeal with respect to them. *See* Wis. Stat. § 974.02(2);
*State ex rel. Rothering v. McCaughtry*, 556 N.W.2d 136, 137
n.3 (Wis. Ct. App. 1996). Any other claim, such as ineffec-
tive assistance of counsel, must first be brought in a
§ 974.02 motion. *See State v. Waites*, 462 N.W.2d 206, 213
(Wis. 1990) (holding ineffective assistance of counsel claim
waived because it was not first raised in a postconvic-
tion hearing before the trial court); *Rothering*, 556 N.W.2d
at 137 (same); *State v. Hayes*, 481 N.W.2d 699, 700 (Wis.
Ct. App. 1992) (noting that an issue not properly preserved
by a § 974.02 motion is waived). If an issue is raised in the
§ 974.02 motion but relief is denied by the trial court, the
defendant then may appeal to the Court of Appeals of
Wisconsin.

After the times for filing postconviction motions under
§ 974.02 and for taking the subsequent direct appeal have
expired, the defendant has the option of seeking a col-
lateral attack on the judgment under Wis. Stat. § 974.06.[2]

---

[1] (...continued)
    (2)  An appellant is not required to file a postconviction
        motion in the trial court prior to an appeal if the grounds
        are sufficiency of the evidence or issues previously
        raised.

Wis. Stat. § 974.02.

[2] The relevant portion of § 974.06(1) provides:

    (1)  After the time for appeal or postconviction remedy
        provided in s. 974.02 has expired, a prisoner in custody
        under sentence of a court . . . claiming the right to be
                                        (continued...)

Any such collateral challenge follows the same procedural path as the direct appeal. The initial filing is made by motion in the trial court and subsequent appeals, if any, are made in the appellate courts. Motions under § 974.06 are limited to jurisdictional and constitutional issues. Procedural errors are not cognizable. *See State v. Carter*, 389 N.W.2d 1, 5 (Wis. 1986). Section 974.06(4) further limits the claims that may be raised collaterally. It provides:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Wis. Stat. § 974.06(4). The Wisconsin Supreme Court has interpreted § 974.06(4) to exclude all issues that were or could have been raised in a § 974.02 postconviction motion or appeal, including constitutional issues, unless the defendant provides "sufficient reason" for not raising the issues in that earlier proceeding. *See Escalona-Naranjo*, 517 N.W.2d 157, 162 (Wis. 1994).

With this background, we shall turn to the case before us.

---

[2] (...continued)

> released upon the ground that the sentence was imposed in violation of the U.S. constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Wis. Stat. § 974.06(1).

**B.**

The district court read the Court of Appeals of Wisconsin's decision to rest on a procedural default because of the state court's reliance on *State v. Escalona-Naranjo. See* R.29 at 4. In *Escalona-Naranjo*, the court had held that constitutional claims that could have been raised on direct appeal or in a § 974.02 postconviction motion cannot later be the basis for a collateral motion pursuant to § 974.06. *See Escalona-Naranjo*, 517 N.W.2d at 162.

The district court was partially correct in its reading of the Wisconsin court's decision. The Court of Appeals of Wisconsin did rely on procedural default for its discussion of Mr. Page's *Miranda*, confrontation clause and ineffective assistance of trial counsel claims. *See* R.11, Ex.F. at 2-5. However, the Court of Appeals of Wisconsin, relying on *State v. Witkowski*, 473 N.W.2d 512, 514 (Wis. Ct. App. 1991), decided the issue of ineffective assistance of postconviction/appellate counsel on the ground that the court would not readdress issues that had been litigated previously. *See* R.11, Ex.F. at 5.

Our case law firmly establishes that only a procedural default will bar federal habeas review. In *Moore v. Bryant*, 295 F.3d at 774, we concluded:

> [I]f the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on the resolution of those claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, we may conclude that there is no independent and adequate state ground and proceed to hear the federal claims.

*Id.* (citing *Harris v. Reed*, 489 U.S. 255, 263-65 (1989)); *see Farmer v. Litscher*, 303 F.3d 840, 846 (7th Cir. 2002). Here, the

Court of Appeals of Wisconsin based its disposition of the ineffective assistance of postconviction/appellate counsel claim on its conclusion that the merits of the claim had been resolved previously. Such a merit-based determination is not a bar to further consideration in a federal habeas action; "[f]ederal review is precluded only by procedural forfeitures, not by *res judicata* concerns." *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997) (quotation marks and citations omitted); *see also Moore*, 295 F.3d at 776 n.1. Consequently, the district court erred in its determination that the issue of ineffective assistance of postconviction/appellate counsel was barred by a procedural default. Accordingly, this issue must be remanded to the district court for further proceedings.

## C.

Although agreeing that, for the reasons explained in the earlier section, Mr. Page may challenge his postconviction counsel's performance, the State has one reservation to this concession. Wisconsin takes the view that Mr. Page is not entitled to raise in a federal forum postconviction counsel's failure to raise the alleged inadequate performance of trial counsel. In the State's view, Mr. Page waived the right to contest ineffective assistance of trial counsel when he did not raise that claim in his response to the *Anders* no-merit brief that his postconviction/appellate counsel filed on direct appeal before the Court of Appeals of Wisconsin. The State points out that, in the Court of Appeals' later decision on collateral review, the court held that "Page's claim that he was denied the effective assistance of trial counsel was . . . waived when he failed to identify this issue in his response to the no merit report." R.11, Ex.F. at 5.

Under Wisconsin's procedural scheme, which we have set forth above, Mr. Page would have been required, as a general matter, to raise the claim of ineffective assistance of trial counsel in his initial § 974.02 postconviction motion and on later stages of the direct appeal. *Id.*[3] Failure to present the argument would constitute a waiver. *See* § 974.06(4). However, the Court of Appeals of Wisconsin also has acknowledged that this general rule cannot be a hard and fast one. In *Rothering*, the court of appeals stated:

> It may be in some circumstances that ineffective postconviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not. In other words, demonstrating to the trial court a sufficient reason for why issues were not raised on direct appeal raises the same questions about counsel's conduct which the defendant would attempt to characterize as ineffective appellate counsel.

*Rothering*, 556 N.W.2d at 139.[4]

The State takes the position, as did the Court of Appeals of Wisconsin, that Mr. Page's failure to address the issue

---

[3]  *But see Massaro v. United States*, 123 S. Ct. 1690, 1693-96 (2003) (holding that an attack on the competence of trial counsel may always be made in a subsequent collateral attack pursuant to 28 U.S.C. § 2255, even if the petitioner could have made the claim on direct appeal). *See also Perkins v. Lee*, No. 02-25, 2003 WL 21729943, at *4 n.1 (4th Cir. July 25, 2003) (unpublished opinion) (holding that *Masssaro* applies only to § 2255 cases and not to cases originating in state court).

[4]  *See also State v. Lo*, 665 N.W.2d 756, 768-69 (Wis. 2003) (declining invitation to overrule *Rothering* and *Rothering*'s consideration of "sufficient reason" for failing to raise an issue on direct appeal).

of ineffective assistance of trial counsel in his response to the *Anders* no-merit brief constitutes a waiver and ought not be excused. *See* Appellee's Br. at 6-8. We cannot accept this argument.

First, we do not believe that an even-handed application of Wisconsin law permits such a result. It is clear that Wisconsin law would not have permitted Mr. Page to make such an argument before the Court of Appeals of Wisconsin without its having been raised initially before the trial court.

When Mr. Page's postconviction counsel failed to assert a claim of ineffective assistance of trial counsel in the § 974.02 motion before the trial court, he foreclosed Mr. Page's opportunity to argue such a claim on direct appeal.[5] Consequently, the appropriate forum for Mr. Page's chal-

---

[5] *See State v. Waites*, 462 N.W.2d 206, 213 (Wis. 1990) (holding that failure to argue ineffective assistance of trial counsel claim in initial postconviction hearing waives the issue on appeal); *State v. Machner*, 285 N.W.2d 905, 908-09 (Wis. Ct. App. 1979) (requiring evidentiary hearing at which trial counsel is present before claim of ineffective assistance of trial counsel may be pursued on appeal); *State v. Curtis*, 582 N.W.2d 409, 409-10 (Wis. Ct. App. 1998) (holding that *Machner* evidentiary hearing at the trial level is required as a necessary prerequisite in every case before a defendant asserts an ineffective assistance of counsel claim on appeal).

This approach has been followed regularly by Wisconsin courts in the "no-merits" context. *See State v. Neita*, No. 95-2858-CR-NM, 1996 WL 426110, at *3 (Wis. Ct. App. July 31, 1996) (unpublished opinion) (declining to address ineffective assistance of counsel claims raised in response to no-merit brief because the matter was not raised in trial court first); *State v. Fadness*, No. 87-2093-CR-NM, 1988 WL 148281, at *1 (Wis. Ct. App. Dec. 21, 1988) (unpublished opinion) (same).

lenge to the ineffective assistance of postconviction counsel for failure to raise the issue of ineffective assistance of trial counsel was in a collateral motion under § 974.06. Mr. Page properly brought such a motion and argued ineffective assistance of postconviction counsel.

Our case law has required consistently that, in order for a procedural rule to be adequate to support a state court's judgment, that procedural rule must be applied in a "consistent and principled way." *Braun*, 227 F.3d at 912; *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990). "State court decisions are not adequate to bar federal habeas review unless they rest upon firmly established and regularly followed state practice." *Franklin*, 188 F.3d at 882 (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)). "A basis of decision applied infrequently, unexpectedly, or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." *Prihoda*, 910 F.2d at 1383 (citing *Johnson v. Mississippi*, 486 U.S. 578, 587-89 (1988)); *see also Braun*, 227 F.3d at 912. The practical effect of the Court of Appeals of Wisconsin's conclusion—that the failure to identify ineffective assistance of trial counsel as an issue in response to an *Anders* no-merit brief constitutes a waiver—is to require Mr. Page to have asserted a claim before the court of appeals that, under established Wisconsin case law, he could not bring initially in that forum because it had not been brought to the attention of the trial court. Federal habeas review cannot be precluded on such a ground because the basis relied upon by the Wisconsin court does not apply Wisconsin procedure in a "consistent and principled way." *Braun*, 227 F.3d at 912.

There is an even more fundamental reason why a criminal defendant may not be said to have waived a claim in the manner suggested by the Court of Appeals of Wiscon-

sin. It is well established that a criminal defendant possesses the right to effective assistance of counsel through his first appeal of right. *See Evitts v. Lucy*, 469 U.S. 387, 396 (1985); *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000). Moreover, ever since *Johnson v. Zerbst*, 304 U.S. 458 (1938), the Supreme Court has maintained that there is a definite presumption against finding a waiver of a defendant's Sixth Amendment right to counsel. Such a waiver must be "an intentional relinquishment or abandonment of a known right or privilege." *Id.* at 464. In faithful adherence to that principle, our own case law has maintained that we " 'must indulge every reasonable presumption against the loss of constitutional rights.' " *United States v. Watkins*, 983 F.2d 1413, 1418 (7th Cir. 1993) (quoting *Illinois v. Allen*, 397 U.S. 337, 343 (1970)). It would be incongruous to maintain that Mr. Page has a Sixth Amendment right to counsel on direct appeal, but then to accept the proposition that he can waive such right by simply failing to assert it in his pro se response challenging his counsel's *Anders* motion.

### D.

The certificate of appealability issued by a judge of this court directed the parties to address the merits of Mr. Page's claims. Mr. Page's primary underlying claim is that his trial counsel was ineffective for failing to contest strongly the possible *Miranda* violation arising from the admission of a confession where the *Miranda* waiver form was not signed. To prevail on an ineffective assistance of counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When a district court has declined to address the merits of a claim on procedural grounds and this court reverses the procedural ruling, "the appropriate step is to remand the case for further proceedings (including an evidentiary hearing, if necessary) so that the district court can determine the merits . . . in the first instance." *Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002); *Farmer,* 303 F.3d at 847. Upon examination of the record, we believe that there is no reason to deviate from this normal course of proceeding. Consequently, we remand this matter to the district court for consideration of the merits of Mr. Page's petition.

### Conclusion

Accordingly, the judgment of the district court is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

REVERSED and REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*