**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 9, 2005
Decided June 7, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-2294

| | |
|---|---|
| JAMES H. SPRINGER,<br>    *Petitioner-Appellant,*<br><br>  v.<br><br>DANIEL BENIK,<br>    *Respondent-Appellee.* | Appeal from the United States<br>District Court for the<br>Western District of Wisconsin<br><br>No. 03 C 732<br><br>Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

James Springer appeals the district court's dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2254.  The petition was dismissed after the court concluded that it was untimely under 28 U.S.C. § 2244(d)(1).

In 1996, Springer was convicted of first degree sexual assault of a child, Wis. Stat. § 948.02(1).  He was sentenced to a term of 40 years on February 4, 1997.  On February 7, 1997, Springer filed a request for postconviction relief with the trial court under Wis. Stat. § 974.02, which in Wisconsin is a precursor to filing an appeal to the Wisconsin Court of Appeals.  See Page v. Frank, 343 F.3d 901, 906 (7th Cir. 2003).  In June of 1997, Springer's appointed counsel moved the trial court for an order granting a sentence credit.  The court granted this request, and on June 27 an amended judgment reflecting the credit was entered.  No appeal was ever filed, and nothing happened in the case for over 5 years.

On November 24, 2002, Springer filed, with the Wisconsin Court of Appeals, a petition to reinstate his appeal rights, arguing that his lawyer dropped the ball in 1997 by not filing an appeal. The court denied that motion on December 23, 2002, and on April 22, 2003, the Wisconsin Supreme Court declined further review. Springer then filed his petition for federal relief on December 22, 2003. He claimed that his lawyer's failure in 1997 to pursue an appeal constituted ineffective assistance of counsel. The district court did not address the merits of his petition. It was dismissed, as we said, as time-barred.

Under § 2244(d)(1)(A), state prisoners seeking federal habeas corpus relief have one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" Here, the state trial court entered an amended judgment on June 27, 1997, and Springer had 20 days, until July 17, to file an appeal. See Wis. Stat. § 809.30(2)(j). Nothing happened, so Springer had one year from that date to file his petition for habeas corpus. See Farmer v. Litscher, 303 F.3d 840, 845-46 (7th Cir. 2002) (limitations period in § 2244 begins when the time for filing a direct appeal expires).

To get around his predicament, Springer argues that his conviction did not become final until his effort to reinstate his appeal rights ultimately failed. But under § 2244(d)(1)(A), the limitations period begins to run at the conclusion of direct review. And Springer's effort to reinstate his appeal rights premised on a claim of ineffective assistance of counsel was a collateral attack. See State v. Knight, 484 N.W.2d 540, 544 (Wis. 1992).

Springer also argues that his petition is timely under § 2244(d)(2), which provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Springer says he had a "properly filed" postconviction petition pending from February 7, 1997, until April 22, 2003, when the Wisconsin Supreme Court declined to review the order denying his petition to reinstate his appeal rights. The problem with this argument is Springer's filing of a request for relief under § 974.02 in 1997 is not a collateral attack. Rather, it is a mandatory step in Wisconsin's direct review process, requiring defendants to ask the trial court to consider issues not previously raised and unrelated to the sufficiency of the evidence. See Frank, 343 F.3d at 905-06. In contrast, collateral challenges are governed by Wis. Stat. § 974.06, which authorizes their commencement only after the time for filing postconviction motions and an appeal has expired. See Frank, 343 F.3d at 906 & n.2. The direct appeal process ended in July of 1997, but Springer did not initiate his state collateral challenge until November of 2002, well after the limitations

period expired.  There simply was no pending state collateral proceeding to toll the limitations period.

　　Finally, Springer argues that the limitations period should be equitably tolled.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005).  The Supreme Court has yet to decide whether equitable tolling applies to the limitations period in § 2244(d)(1).  Id. at n.8.  But even if the doctrine has a home in a post-AEDPA world, we believe that the district court correctly rejected Springer's claim.  For one thing, he fails to argue that he was diligent in pursuing his rights.  Indeed, he was well aware that his lawyer did not file an appeal in 1997, yet he did not launch any challenge to that situation until many years passed.  But Springer contends that his dyslexia is an "extraordinary circumstance" which prevented him from pursuing his claim.  We doubt that the presence of a learning disorder, however, qualifies as an extraordinary circumstance given how many prisoners suffer from similar afflictions.

                                                                              AFFIRMED.