In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 23-2894

ROBERT J. POPE,

*Petitioner-Appellee,*

*v.*

JE'LESLIE TAYLOR, Interim Warden, Racine Correctional Institution,

*Respondent-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 21-cv-0346-bhl — **Brett H. Ludwig**, *Judge*.

---

ARGUED APRIL 9, 2024 — DECIDED MAY 6, 2024

---

Before EASTERBROOK, ROVNER, and JACKSON-AKIWUMI, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. In 1996 Robert Pope was convicted of murder and sentenced to life imprisonment. He filled out a form directing his lawyer to seek post-conviction relief. (Wisconsin combines a direct appeal with collateral review. See Wis. Stat. §974.02; *Page v. Frank*, 343 F.3d 901, 905–06 (7th Cir. 2003).) But his lawyer, Michael J. Backes,

abandoned him and did not take any of the steps necessary to protect Pope's rights. Backes has been reprimanded for abandoning at least four other criminal defendants yet remains in good standing at Wisconsin's bar.

After nothing happened for about 14 months, Pope sought aid from Wisconsin's public defender, who replied that Pope first needed an extension from the court of appeals—which turned him down on the ground that he had waited too long. See *State v. Pope*, 2019 WI 106 ¶11 (Dec. 17, 2019) (recounting the 1997 decision). The court of appeals found that Pope had forfeited his appellate rights by not doing himself what the lawyer was supposed to do for him. Pope then asked the trial court for relief; it said no, given the appellate decision. "Since 1997 Pope has made multiple attempts to reinstate his appeal rights." *Id*. at ¶12. All were unsuccessful until 2016, when the state acknowledged that Pope is entitled to an appeal and the circuit court entered an order to that effect.

The new-appeal order did not do Pope any good, however, because Wisconsin requires court reporters to keep their notes for only ten years. Wis. S. Ct. R. 72.01(47). Backes failed to order a trial transcript in 1996, and the state's judiciary rejected Pope's request for one in 1997. (Technically, Pope filed a "statement on transcript", which the court of appeals treated as a request for a transcript at public expense. That request was denied. Pope then did not order a transcript on his own account, as he lacked the funds.) The notes were destroyed. In 2017 a state judge held that, given the absence of the transcript that Pope's current lawyers say they need to formulate a claim of error, and the inability to reconstruct a transcript (a finding that the state does not contest in this court), Pope is entitled to a new trial. That decision was reversed by the court of

appeals, and the Supreme Court of Wisconsin affirmed the appellate decision.

The court held that, as a matter of Wisconsin law, a new trial based on the absence of a transcript is appropriate only if the defendant first makes a "facially valid claim of arguably prejudicial error" that requires a transcript to substantiate. 2019 WI 106 ¶23 (underlining in original). Pope cannot do so—he isn't a lawyer and scarcely remembers the events of 1996. The court wrote that Pope has only himself to blame, because he did not order a transcript during the ten years after his trial. *Id*. at ¶¶ 44–45. In laying the onus on Pope, the court disregarded its own recognition that he had tried to get his appeal under way in 1996, that his lawyer had not taken the necessary steps, that Pope sought to get things moving in 1997, and that the state's judiciary then denied his request for a transcript at public expense. In other words, the Supreme Court of Wisconsin held it against Pope that he had not personally undertaken steps that he had delegated to counsel—and then ignored the fact that, when Pope did seek a transcript, the state judiciary turned him down.

Having exhausted all avenues of relief in state court, Pope filed a petition for collateral review under 28 U.S.C. §2254. The district court issued a conditional writ and directed the state to release Pope unless within six months it set a retrial in motion. 2023 U.S. Dist. LEXIS 155652 (E.D. Wis. Sept. 1, 2023). The state filed an appeal, which led the district judge to defer that deadline. 2024 U.S. Dist. LEXIS 32043 (E.D. Wis. Feb. 26, 2024).

It is now almost 28 years since Pope was sentenced to life in prison, and he has yet to enjoy an appeal. He has suffered at least two violations of his constitutional rights: the right to

assistance of counsel, see *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (failure to pursue an appeal requested by a client is treated as ineffective assistance without the need to show prejudice), and the right to an appeal equivalent to that available to well-heeled litigants, see *Griffin v. Illinois*, 351 U.S. 12 (1956). (A solvent litigant could have purchased a transcript in 1997.) When a state violates a criminal defendant's constitutional rights, it must set aside the conviction unless it finds, beyond a reasonable doubt, that the violation was harmless. See *Chapman v. California*, 386 U.S. 18 (1967). Yet Wisconsin's judiciary has never found that the errors were harmless beyond a reasonable doubt. Instead it has placed multiple burdens on Pope—a burden to take over the tasks that his faithless lawyer should have performed and a burden to show arguable issues that a transcript might illuminate. That is a long way from the approach required by *Chapman*.

Both judicial and executive branches of Wisconsin have assumed that the appeal offered to Pope in 2016 is a complete remedy for the constitutional violations. The state's Supreme Court treated all ensuing issues as matters of state law. Thus it surrendered the benefit of deference under 28 U.S.C. §2254(d).

In this court, the state's Attorney General has argued that an independent and adequate state ground (the need to show a "facially valid claim of arguably prejudicial error") blocks federal collateral review. That ground is independent but not adequate. The problem is easy to see. Wisconsin insists that offering a criminal defendant an appeal, 20 years late, without a transcript, is a constitutionally adequate substitute for a timely appeal with a lawyer and a transcript. To state the position is to show the fallacy. No sane person would accept one

in lieu of the other. Wisconsin might as well have told Pope that he was welcome to an appeal, but only if he submitted his brief in Punic.

*Carter v. Buesgen*, 10 F.4th 715 (7th Cir. 2021), holds that a four-year delay in resolving a criminal defendant's appeal makes state procedures "ineffective to protect the rights of the applicant" (28 U.S.C. §2254(b)(1)(B)(ii)) and authorizes a federal court to resolve an application for collateral review. Our decision in *Carter* expressed incredulity at Wisconsin's defense of a four-year delay in getting an initial appeal on track for resolution. 10 F.4th at 723–24. What words, then, suffice for a 28-year delay? Almost eight years have passed since Pope's right to an appeal was reinstated, but that entitlement has been illusory.

Wisconsin's treatment of Pope is a travesty of justice.

In September 2023 the district court gave Wisconsin six months to vacate Pope's conviction and begin the process of retrial. That time has passed. The state does not get another six months from our decision. It should have been preparing for a trial to follow on the heels of our decision—if a fair trial is possible so long after the events of 1995. (Indeed, prosecutors should have begun preparing in 2017, when the state's circuit court held that Pope is entitled to another trial.) Pope must be released on bail unless that trial begins within two months—and, if the trial has not started in three months, the conviction must be vacated and Pope released unconditionally. The district court's decision is modified to include these deadlines and, as so modified, is

AFFIRMED.